Morris J. Baller (SBN 048928)
mballer@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 763-9800; (510) 835-1417 (Fax)

Julian Hammond (SBN 268489)
Hammond.julian@gmail.com
HAMMONDLAW, PC
1180 S. Beverly Drive, Suite 601
Los Angeles, CA  90035
(310) 601-6766
(310) 295-2385 (Fax)

Craig J. Ackermann (SBN 229832)
cja@laborgators.com
ACKERMANN & TILAJEF, P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, CA  90035
(310) 277-0614; (310) 277-0635 (Fax)

Attorneys for Plaintiffs and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LORETTA DOWNS and D'ANDRE PARKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. FOODSERVICE, INC.,<br><br>Defendant. | Case No.:  10-2163 EMC<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

Plaintiffs LORETTA DOWNS and D'ANDRE PARKER (collectively, "Plaintiffs") and Defendant US FOODSERVICE ("Defendant") submit this Stipulation and [Proposed] Order for Leave to File First Amended Complaint.

1.     WHEREAS Plaintiffs and US FOODSERVICE have agreed to add additional Plaintiffs to the complaint for settlement purposes only, including Plaintiffs KIRK RAMIREZ, RAUL ROMAN, and JASON WOLTERDING, and facts supporting their status as Plaintiffs and their allegations, as reflected in the attached First Amended Complaint.

2.     WHEREAS Plaintiffs and US FOODSERVICE have agreed to an amended complaint alleging violations of the Private Attorneys General Act ("PAGA"), California Labor Code § 2698 *et. seq.*, as reflected in the attached First Amended Complaint.

3.     WHEREAS Plaintiffs and US FOODSERVICE have agreed that US FOODSERVICE reserves its right to object to the addition of these plaintiffs and/or causes of action if the settlement is not approved by the Court.

4.     WHEREAS, the current complaint in this action, which was removed from California state court, makes class allegations pursuant to California Code of Civil Procedure § 382, Plaintiffs and US FOODSERVICE have agreed to an amended complaint asserting class action allegations under Federal Rule of Civil Procedure 23, as reflected in the attached First Amended Complaint.

5.     WHEREAS, Plaintiffs and US FOODSERVICE have agreed that the Defendant need not file an answer to this amended complaint, but that the defendant's previously filed answer shall be deemed to be its answer to the amended complaint and that all additional allegations of the amended complaint shall be deemed to have been denied by US FOODSERVICE.

THEREFORE, Plaintiffs and US FOODSERVICE hereby agree and stipulate that the Court should order that the attached First Amended Complaint may be filed and shall be deemed filed as of the date of the filing of this Stipulation, and that US FOODSERVICE shall be deemed to have answered the First Amended Complaint as specified herein.

Dated: February 17, 2012

GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN

By: *Morris J. Baller*

MORRIS J. BALLER (SBN 048928)
mballer@gdblegal.com
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800
(510) 835-1417 (Fax)

JULIAN HAMMOND (SBN 268489)
Hammond.julian@gmail.com
HAMMONDLAW, PC
1180 S. Beverly Drive, Suite 601
Los Angeles, CA 90035
(310) 601-6766
(310) 295-2385 (Fax)

CRAIG J. ACKERMANN (SBN 229832)
cja@laborgators.com
ACKERMANN & TILAJEF, P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
(310) 277-0614
(310) 277-0635 (Fax)

Attorneys for Plaintiffs and all others similarly situated

Dated: February 17, 2012

*JOAN B. TUCKER FIFE*

JOAN B. TUCKER FIFE
jfife@winston.com
DANIEL AGUILAR
daguilar@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
(415) 591-1000
(415) 591-1400 (Fax)

Attorneys for Defendant U.S. Foodservice, Inc.

1

**[PROPOSED] ORDER**

2        Pursuant to the Joint Stipulation above, IT IS HEREBY ORDERED that the attached First

3    Amended Complaint is deemed filed on the date that the First Amended Complaint is filed, that

4    US FOODSERVICE shall be deemed to have answered the First Amended Complaint as set forth

5    in the stipulation, and that US FOODSERVICE reserves its right to object to the addition of

6    plaintiffs and/or causes of action as set forth in the stipulation.

7    Dated: _____2/23_____, 2012      _____

8                          United States District Judge



9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

302480-5

Morris J. Baller (SBN 048928)
mballer@gdblegal.com
GOLDSTEIN, DEMCHAK, BALLER,
    BORGEN & DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800; (510) 835-1417 (Fax)

Julian Hammond (SBN 268489)
Hammond.julian@gmail.com
HAMMONDLAW, PC
1180 S. Beverly Drive, Suite 601
Los Angeles, CA 90035
(310) 601-6766; (310) 295-2385 (Fax)

Craig J. Ackermann (SBN 229832)
cja@laborgators.com
ACKERMANN & TILAJEF, P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, CA 90035
(310) 277-0614; (310) 277-0635 (Fax)

Attorneys for Plaintiffs and all others similarly
situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LORETTA DOWNS, D'ANDRE PARKER, KIRK RAMIREZ, RAUL ROMAN, and JASON WOLTERDING, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>U.S. FOODSERVICE, INC.,<br><br>                Defendant. | Case No.: 10-2163 EMC<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**(1) FAILURE TO PROVIDE TIMELY MEAL AND REST PERIODS AND/OR PAY MISSED MEAL AND REST PREMIUM PAY (CAL. LABOR CODE §§226.7, 512 AND IWC WAGE ORDER NO. 7);**<br><br>**(2) FAILURE TO PAY WAGES DUE/ILLEGAL DEDUCTIONS FROM WAGES (CAL. LABOR CODE §§1194, 1194.2, 204, 218, 1197, 1198, AND 221);**<br><br>**(3) FAILURE TO PAY COMPENSATION DUE UPON TERMINATION (CAL. LABOR CODE § 201-203);**<br><br>**(4) FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS (CAL. LABOR CODE §§ 226, 226.3;**<br><br>**(5) UNFAIR/UNLAWFUL/FRAUDULENT BUSINESS PRACTICES (CAL. BUS. & PROF. CODE, § 17200); and**<br><br>**(6) CIVIL PENALTIES (CAL. LABOR CODE § 2698 *et seq.*).**<br><br>                **DEMAND FOR JURY TRIAL** |

302478-9

Plaintiff LORETTA DOWNS ("Plaintiff DOWNS"), Plaintiff D'ANDRE PARKER ("Plaintiff PARKER"), Plaintiff KIRK RAMIREZ ("Plaintiff RAMIREZ"), Plaintiff RAUL ROMAN ("Plaintiff ROMAN"), and Plaintiff JASON WOLTERDING ("Plaintiff WOLTERDING") (collectively known as "Plaintiffs"), by and through their undersigned attorneys, for their Class Action Complaint against Defendant U.S. FOODSERVICE, INC. ("Defendant US FOODSERVICE" or "US FOODSERVICE"), respectfully allege the following:

## I.     NATURE OF ACTION

1.      Plaintiffs bring this action on behalf of themselves, as a class action, and on behalf of the California general public, against Defendant US FOODSERVICE for its failure to: (a) provide timely off-duty thirty-minute Meal Periods to its drivers; (b) pay its California drivers premium pay for missed, untimely or on-duty Meal Periods; (c) authorize and permit its California drivers to take timely Rest Periods; (d) pay its California drivers premium pay for untimely Rest Periods; (e) pay its California drivers for all time worked due to its payroll policy and/or practice of automatically deducting thirty minutes of working time from the wages of its drivers who worked more than ten hours (the "automatic deduction practice") without taking any off-duty lunch periods; (f) pay former California drivers for all wages due upon separation of employment; (g) issue accurate itemized wage statements to California drivers. As a result of these acts or omissions, Defendant US FOODSERVICE has violated California statutes and other applicable provisions of law as described below.

## II.     JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1332(a)(1) and 1332(c)(1), 1441(a). This action was originally filed in the Superior Court of California for the County of Alameda and was removed by Defendant US FOODSERVICE to this Court on the jurisdictional basis of diversity of citizenship. Defendant is a foreign corporation, and maintains corporate offices and its principal place of business in Illinois and Maryland. Venue is proper in this District under 28 U.S.C. §§1391(a) and 1391(c). Defendant US FOODSERVICE operates its food service distribution business, serving customers throughout much of California. Many of the acts, as well as the course of conduct charged herein, occurred in Alameda County, at Defendant US FOODSERVICE's distribution facility located

1 | in Livermore, California, within this judicial district and/or in other portions of this judicial district,
2 | served by that facility.

3 |      3.     Defendant US FOODSERVICE is within the jurisdiction of this Court.  Defendant US
4 | FOODSERVICE transacts millions of dollars of business transporting food products in the State of
5 | California and in areas within this judicial district, including Alameda County.  Defendant US
6 | FOODSERVICE operates its business through four divisions in California: Los Angeles, located at
7 | 15155 Northam Street, La Mirada; Corona, located at 1283 Sherborn Street, Corona; San Diego,
8 | located at 1201 Park Center Drive, Vista; and San Francisco, located at 300 Lawrence Street,
9 | Livermore.  Defendant US FOODSERVICE has employed over 800 drivers over the last five years.
10 | Defendant US FOODSERVICE has obtained the benefits of the laws of the State of California and
11 | profited by participating in the food distribution market in California.

12 |      4.     The total amount in controversy for each of the named Plaintiffs' claims is less than
13 | thirty thousand dollars ($30,000).  Plaintiffs assert no claims arising under federal law.  Rather,
14 | Plaintiffs brings these causes of action based solely on, and arising from, California law.  The claims of
15 | the class are also individual claims for violations of California law as described herein.  These claims
16 | arise from Defendant US FOODSERVICE's common and systemic failure to provide timely off-duty
17 | thirty-minute Meal Periods to drivers; its failure to provide timely Rest Periods to California drivers;
18 | its failure to pay its drivers premium pay for missed, untimely and/or on-duty Meal Periods and for
19 | untimely Rest Periods; its failure to pay its California drivers for all time worked due to its automatic
20 | deduction policy in cases where drivers worked for at least ten hours without taking any off-duty Meal
21 | Periods; its failure to pay compensation due to former drivers upon their separation from employment
22 | with Defendant US FOODSERVICE; and its liability for penalties for issuing inaccurate itemized
23 | wage statements.

24 | ### III.    THE PARTIES

25 |      5.     Plaintiff DOWNS is a California resident. Plaintiff DOWNS is a former driver, based
26 | out of the Corona distribution center, who was employed by Defendant US FOODSERVICE from
27 | May 2006 through August 2006.

28 |

302478-9

6. Plaintiff PARKER is a California resident. Plaintiff PARKER is a current driver, based out of the Corona distribution center, who has been employed by Defendant US FOODSERVICE since October 2005. Since December 2009, Plaintiff PARKER has been on a disability leave of absence.

7. Plaintiff RAMIREZ is a California resident. Plaintiff RAMIREZ is a current driver based out of the La Mirada distribution center, who has been employed by Defendant US FOODSERVICE since June 1999.

8. Plaintiff ROMAN is a California resident. Plaintiff ROMAN is a former driver, based out of the Vista and Corona distribution centers, who was employed by Defendant US FOODSERVICE from 1999 through July 2009.

9. Plaintiff WOLTERDING is a California resident. Plaintiff WOLTERDING is a former driver, based out of the Livermore distribution center, who was employed by Defendant US FOODSERVICE from January 2006 through February 2011.

10. Defendant US FOODSERVICE is a Delaware Corporation with its corporate offices and principal place of business in Illinois and Maryland, and is the second largest food distribution company in the country. It transacts millions of dollars per year of business in California transporting food products to supermarkets, hotels, restaurants and hospitals throughout California.

## IV.    CLASS ACTION ALLEGATIONS

11. Plaintiffs bring this case as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a class of similarly situated persons (the "Class"), consisting of:

> **All current and former Drivers employed by USFOODSERVICE, INC whose regular job responsibilities include(d) driving trucks on routes within California at any time during the period from April 9, 2006 through the present (Class Members). This includes Drivers based in Reno, Nevada and Phoenix, Arizona who drive regular routes in California.**

Plaintiffs' claims meet the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3). There are over 830 members in the Class. Individual joinder of all class members is impossible or impracticable. Therefore the numerosity requirement of Rule 23(a)(1) is met..

12. Plaintiffs' claims are typical of the claims of the members of the Class, because they were drivers employed by Defendant US FOODSERVICE, who like other members of the Class,

sustained damages arising out of Defendant US FOODSERVICE's failure to: (a) provide timely off-duty thirty-minute Meal Periods; (b) pay premium pay for missed, untimely and/or on-duty Meal Periods; (c) authorize and permit timely Rest Periods; (d) pay premium pay for missed Rest Periods; (e) pay drivers for all hours actually worked as a result of its class-wide policy of automatic deductions for Meal Periods that were never taken on shifts where drivers drove ten hours or more without any off-duty Meal Periods; (f) pay all wages due, including missed Meal and Rest break premiums and unlawfully deducted wages, to all former drivers upon separation of their employment; and (g) issue accurate itemized wage statements to the members of the Class that included premium payments for missed, untimely and/or on-duty Meal or Rest Periods among wages earned, and all wages earned as a result of the automatic deduction policy on all shifts where Meal Periods were not taken at all. Therefore the typicality requirement of Rule 23(a)(3) is met.

13.     Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs have no conflicts of interest with any member of the Class. Plaintiffs understand and accept the duties of Class Representatives. Plaintiffs have retained counsel competent and experienced in complex, class action litigation and in litigation asserting the same legal claims made in this action, who have and will devote the necessary resources to prosecute this action. Therefore the adequacy requirement of Rule 23(a)(4) is met.

14.     Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting only individual members of the Class. Questions of law and fact common to the Class include:

       a.     Whether Defendant US FOODSERVICE engaged in a pattern or practice of failing to provide timely, off-duty thirty-minute Meal Periods to the Class;

       b.     Whether Defendant US FOODSERVICE engaged in a pattern or practice of preventing members of the Class from taking statutory off-duty thirty-minute Meal Periods on a timely basis;

       c.     Whether Defendant US FOODSERVICE engaged in a pattern or practice of failing to properly compensate members of the Class for missed, untimely, and/or on-duty Meal Periods as required by California law;

d. Whether Defendant US FOODSERVICE violated Cal. Labor Code § 226.7 by failing to affirmatively relieve members of the Class of duties for timely off-duty thirty-minute Meal Periods;

e. Whether Defendant US FOODSERVICE violated Cal. Labor Code § 226.7 by failing to affirmatively relieve members of the Class of duties for timely off-duty thirty-minute Meal Periods before the start of the fifth hour of their shift;

f. Whether Defendant US FOODSERVICE violated Cal. Labor Code § 512 by failing to affirmatively relieve members of the Class of duties for timely off-duty thirty-minute Meal Periods before the start of the fifth hour of their shift;

g. Whether Defendant US FOODSERVICE violated section 11 of California Industrial Welfare Commission ("IWC") Wage Order No. 7, which is applicable to Defendant, by failing to affirmatively relieve members of the Class of duties for timely off-duty thirty-minute Meal Periods before the start of the fifth or even sixth hour of their shift;

h. Whether Defendant US FOODSERVICE violated Labor Code §§ 226.7 and 512 by failing to ensure that the members of the Class were relieved of duties for timely off-duty thirty-minute Meal Periods before the fifth or even sixth hour of their shift;

i. Whether Defendant US FOODSERVICE's delivery schedule and routes effectively precluded members of the Class from timely completing their routes and taking an uninterrupted timely off-duty thirty-minute Meal Period;

j. Whether Defendant US FOODSERVICE's policy of combining Rest Periods and scheduling these combined Rest Periods at the end of drivers' shifts violated IWC Wage Order Number 7 section 12 by not authorizing and permitting members of the Class to take timely Rest Periods at the rate of ten minutes per four hours or major fraction thereof in the middle of each work period;

k. Whether Defendant US FOODSERVICE's policy of automatically deducting thirty minutes for lunch without maintaining accurate contemporaneous Meal Period records violates Labor Code §§ 226.7, 512 and IWC Wage Order No. 7;

l. Whether Defendant US FOODSERVICE's automatic deduction practice, for members of the Class who did not take an off-duty thirty minute Meal Period on shifts of ten hours or more, constituted a violation of §1194 of the Labor Code;

m. Whether Defendant US FOODSERVICE is obligated pursuant to Labor Code §1194.2, to pay liquidated damages to the Class, for its failure to pay the Class for all hours worked based on its unlawful deductions from pay where drivers worked ten hours or more without any off-duty Meal Periods;

n. Whether Defendant US FOODSERVICE's automatic deduction policy constituted an illegal deduction from wages in violation of §221 of the Labor Code, in the circumstances where members of the Class did not in fact take an off-duty thirty minute Meal Period on shifts of ten hours or more;

o. Whether Defendant US FOODSERVICE engaged in an unfair and/or unlawful business practice and violated §17200 of the California Business and Professions Code by automatically deducting thirty minutes from members of the Class for lunch breaks, despite the fact that members of the Class routinely were not provided and/or missed their Meal Periods on shifts of ten hours or more;

p. Whether Defendant US FOODSERVICE engaged in an unfair and/or unlawful business practice and violated §17200 California Business and Professions Code by failing to provide, allow and/or ensure that the members of the Class were affirmatively relieved of duties for their off-duty thirty-minute Meal Periods on a timely basis;

q. Whether Defendant US FOODSERVICE failed to maintain accurate time records of off-duty thirty-minute Meal Periods taken by the members of the Class as required by Section 7 of the applicable IWC Wage Order;

6

302478-9

r.   Whether Defendant US FOODSERVICE violated sections 201-203 of the Labor Code by failing to pay missed Meal Period premiums and/or unlawfully deducted wages owed to former drivers upon their separation of employment from Defendant US FOODSERVICE;

s.   Whether Defendant US FOODSERVICE violated Labor Code section 226(a) by issuing inaccurate itemized wage statements to the members of the Class that failed to include payments for missed, untimely and/or on-duty Meal or Rest Periods among wages earned;

t.   Whether Defendant US FOODSERVICE is liable to Plaintiffs and all similarly aggrieved employees for civil penalties pursuant to Labor Code § 2698 *et seq.* for the violations of the Labor Code alleged herein; and

u.   The nature and extent of class-wide injury and the measure of damages and/or restitution for the injury suffered by Class Members.

15.     Common questions of law and fact, including those specified above, predominate over any questions affecting only individual members of the class, and a class action is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The requirements of Rule 23(b)(3) are therefore met.

## V.     FACTUAL ALLEGATIONS

16.     During the Class Period, Defendant US FOODSERVICE employed Plaintiffs and the members of the Class in California as truck drivers. At any one time during the Class Period, Defendant US FOODSERVICE employed a total of approximately 500 truck drivers at US FOODSERVICE's La Mirada, Corona, Livermore, and Vista distribution facilities.  Due to annual driver turnover, the total number of Class members employed by Defendant US FOODSERVICE in California during the Class Period is estimated to be over 830 drivers.  The Class members are readily identifiable from US FOODSERVICE's payroll and/or personnel records.

17.     Defendant US FOODSERVICE (a) routinely failed to schedule drivers for off-duty thirty-minute Meal Periods on or before the fifth or even sixth hours of their shifts; (b) routinely

302478-9

1  scheduled an off-duty thirty-minute Meal Period at the end of their route; (c) routinely combined

2  drivers' Rest Periods and scheduled these at the end of the drivers' routes; (d) routinely combined

3  drivers' off-duty thirty-minute Meal Periods and Rest Periods and scheduled these at the end of the

4  drivers' routes; (e) routinely failed to authorize and permit drivers to take timely Rest Periods in

5  accordance with the Wage Order; (f) precluded drivers from taking off-duty thirty-minute Meal

6  Periods on or before the fifth or sixth hour of their shifts through and by its routing and delivery

7  schedule policies and practices; (g) failed to affirmatively relieve drivers of duties for off-duty thirty-

8  minute Meal Periods on or before the fifth or even sixth hour of their shifts; and (h) was aware that, on

9  a daily basis, drivers were not taking off-duty thirty-minute Meal Periods on or before the fifth or even

10  sixth hour of their shifts, yet did nothing to permit or ensure drivers to take such off-duty Meal Periods

11  or Rest Periods.

12      18.    During the Class Period, Plaintiffs and the members of the Class typically worked a

13  minimum of eight hours per day and often worked shifts in excess of twelve hours per day. Plaintiffs and

14  the members of the Class earned an average hourly wage amounting to approximately $19 per hour.

15      19.    During the Class Period, Plaintiffs' and Class Members' shifts typically began in the

16  early morning hours, often at or before 5:00 a.m. At the start of each shift, Plaintiffs and members of

17  the Class proceeded to the drivers' room and punched in on the time clock, to commence their shifts.

18  The times at which the Plaintiffs and members of the Class punched in at the start of their shift and

19  punched out at the end of their shift are reflected on each of the drivers' Time Card Report, a document

20  routinely created and maintained by DEFENDANT US FOODSERVICE. Attached as Exhibit A is a

21  true copy of a Time Card Report for Loretta Downs for the weeks commencing June 25, 2006 through

22  to July 8, 2006.

23      20.    Plaintiffs and members of the Class were then given their daily paperwork, which

24  included a Drivers' Itinerary. The Drivers' Itinerary was a printout from Defendant US

25  FOODSERVICE's Roadnet routing software ("Roadnet"). Attached as Exhibits B, C, D, and E,

26  respectively are true copies of Loretta Downs' Driver Itineraries for June 26, 2006, July 3, 2006, July 8,

27  2006, and July 14, 2006.

28

302478-9

21. Defendant US FOODSERVICE used Roadnet to schedule its drivers' routes. The routes commenced and ended when Plaintiffs and members of the Class logged in and logged out of the XATA system. The routes included the customers to which each driver delivered (referred to as "Stops"), the order of Stops from first to last, the Time Windows (the expected arrival and departure time) in which each delivery was expected to be made, the number of Cases of product to be delivered, scheduled Rest and Meal Periods (if any), the time estimated to Depart and Return to the Depot, a summary of the Total Runtime (the number of elapsed hours between Depart Depot and Return Depot), the Distance traveled during Run, and the total time allowed for breaks (Meal and Rest Periods). Defendant US FOODSERVICE's trucks carry "XATA" on-board computers that allow Defendant US FOODSERVICE to track, in real time, drivers' schedules, including deliveries, on-duty time, and meal periods, if any.

22. Upon receipt of the Drivers' Itinerary, Plaintiffs and members of the Class proceeded to their trucks and completed a Pre-Trip Inspection, which typically took a half hour, departed on their routes and proceeded to their first scheduled Stop, unloaded the Cases for that customer; and were then required to continue to each subsequent Stop as listed on the Driver Itinerary and to unload Cases at each such Stop. Upon completion of the route, drivers returned back to the Depot and completed a Post-Trip Inspection (which also took approximately thirty minutes), and punched out. The total Runtime, as indicated on the Driver Itinerary, did not include the amount of time between the time the driver punched in and Departed the Depot, nor did it include the amount of time between the time the driver arrived back at the Depot and when the driver punched out.

23. The routes consisted of making deliveries of food products to multiple restaurants, hotels, hospitals and other customers. Plaintiffs and members of the Class typically made on average between seven to fourteen Stops per day and delivered approximately 500 to 900 Cases per day.

24. From at least April 9, 2006 until February or March 2008, Defendant US FOODSERVICE's routing policy and practice failed to schedule and include within Plaintiffs' and Class members' routes, as set forth in their Driver Itineraries, an off-duty thirty-minute Meal Period on or before the fifth or even sixth hour of work on their shifts. In addition, as illustrated by Exhibits B-E attached hereto, Defendant US FOODSERVICE's routing policy and practice routinely scheduled

302478-9

Plaintiffs' and Class members' off-duty thirty-minute Meal Periods at the end of the day, thereby requiring Plaintiffs and members of the Class to work through their statutorily mandated first off-duty thirty-minute Meal Period.

25.     From at least April 9, 2006 until February or March 2008, as illustrated by Exhibits B-E attached hereto, Defendant US FOODSERVICE's routing policy and practice required Plaintiffs and members of the Class to combine and take their statutorily mandated Rest Periods at the end of the day, and thereby failed to authorize and permit Plaintiffs and members of the Class a timely Rest Period as required by the applicable Wage Order.

26.     Furthermore, as illustrated by Exhibits F and G attached hereto, from at least April 9, 2006 until February or March 2008, Defendant US FOODSERVICE instructed drivers, and trained new drivers, to combine their Meal and Rest Periods and take them at the end of the day, after more than six hours of work.  Exhibits F and G are true copies of Rick Chavez's Driver Itineraries for June 5 and 8, 2006, respectively.

27.     Defendant US FOODSERVICE's delivery schedules and routes, as specified on the Driver Itineraries, made it difficult, if not impossible, for drivers to take their off-duty Meal and Rest Periods in a timely fashion.  As a result, on a daily basis during the Class Period, Plaintiffs and the members of the Class were unable to take their first off-duty thirty-minute Meal Period on or before the fifth or even sixth hour of work.

28.     Moreover, Defendant US FOODSERVICE's routing as set forth on the Driver Itineraries was often unrealistic, for example by underestimating the distance of the Route or underestimating the time necessary to find parking and unload the Cases to the customer, causing drivers to fall behind schedule. Approximately 60-70% of Defendant US FOODSERVICE's customers are restaurants that typically required deliveries to be made either before 11 a.m. or after 2 p.m., which further impeded the drivers' ability to take timely Meal and Rest Periods, since they had to continue working without interruption from the start of their shift until 11 a.m. in order to complete as many of their deliveries as possible before the customers' lunch hour periods. In addition, from at least April 9, 2006 until some time in early 2008, Defendant US FOODSERVICE's managers,

302478-9

1 | supervisors and dispatchers routinely emphasized, both verbally and in writing, the importance of

2 | making timely deliveries and/or taking breaks only at the end of the day.

3 |       29.    As a result of their break schedule, scheduled routes, unrealistic routing, and

4 | admonishments from management, and in order to complete their assigned Routes, Plaintiffs and

5 | members of the Class were required to skip or delay their statutorily mandated off-duty thirty-minute

6 | Meal and Rest Periods until the end of their Routes.  As shown in Exhibits B-E, Defendant US

7 | FOODSERVICE expressly told drivers to take their Meal and Rest Periods only at the end of Routes,

8 | in violation of California law.

9 |       30.    During the Class Period, through its Roadnet and XATA systems, other documentation,

10 | and observation and monitoring of drivers by their managers, Defendant US FOODSERVICE was

11 | aware that its drivers were consistently missing their statutory off-duty thirty-minute Meal Periods on

12 | or before the fifth or even sixth hour of their shifts because Defendant US FOODSERVICE's

13 | management had access to the electronic and written Meal Period records on a regular basis and had

14 | repeatedly instructed of its drivers to take their Meal and Rest Periods, if at all, only after the

15 | completion of their routes.  Although Defendant US FOODSERVICE knew that its drivers routinely

16 | missed or delayed their off-duty thirty-minute Meal and Rest Periods, it nevertheless failed to

17 | compensate Plaintiffs and members of the Class for their missed and/or late off-duty Meal Periods,

18 | and for their untimely Rest Periods, as required by California law.

19 |       31.    In sum, during the Class Period, US FOODSERVICE's policies, practices, and

20 | required delivery schedules caused drivers to work through their statutory Meal and Rest Periods and

21 | prevented drivers from taking timely off-duty Meal and Rest Periods. Far from providing Meal

22 | Periods on a timely basis, or ensuring that drivers were affirmatively relieved of duties for off-duty

23 | Meal Periods and authorizing and permitting timely Rest Periods, Defendant US FOODSERVICE

24 | repeatedly endorsed, encouraged and even mandated that drivers take their Meal and Rest Periods at

25 | the end of shifts. From at least April 9, 2006 through the present, Plaintiffs and the members of the

26 | Class worked numerous shifts without legally required, timely off-duty Meal Periods, and without

27 | timely Rest Periods, with the knowledge and at the direction of Defendant US FOODSERVICE.

28 |

302478-9

32. In addition, as illustrated by Exhibits B and E attached hereto, from at least April 9, 2006 until some time in early 2008, Defendant US FOODSERVICE routinely scheduled drivers on routes that lasted more than twelve hours, yet failed to provide Plaintiffs and members of the Class with a second off-duty thirty minute Meal Period, nor did it authorize and permit the drivers to take a statutorily mandated third Rest Period when drivers worked shifts of over twelve hours.

33. As noted, from at least April 9, 2006 until some time in early 2008, Defendant US FOODSERVICE failed to compensate drivers, including Plaintiffs, for missed and/or untimely Meal or Rest Periods in the amount of one hour of pay at the driver's regular rate of pay for each missed and/or late Meal Period and an additional one hour of premium pay per day for each missed or untimely Rest Period.

34. Furthermore, as illustrated by Exhibit A attached hereto, from at least April 9, 2006 until some time in early 2008, Defendant US FOODSERVICE had a class-wide payroll policy and/or practice of automatically deducting thirty minutes of working time from the hours worked by Plaintiffs and members of the Class, irrespective of whether the Plaintiffs and members of the Class had actually taken an off-duty thirty-minute Meal Period on their shifts of ten hours or more. From at least April 9, 2006 until some time in early 2008, members of the Class often were unable were to take an off-duty thirty-minute Meal Period at any point throughout the day, including on numerous shifts of ten hours or more.

35. During the Class Period, Defendant US FOODSERVICE adopted, and used, unfair and unlawful business practices to minimize its drivers' compensation and increase profits. These business practices were causing drivers to work without receiving timely and adequate off-duty Meal and timely Rest Periods; failing to pay premium pay to drivers for missed and/or untimely or on-duty Meal Periods; failing to pay premium pay for untimely Rest Periods; and taking unlawful deductions from wages where drivers worked more then ten hours without any off-duty Meal Periods.

36. During the Class Period, Defendant US FOODSERVICE has been aware that Plaintiffs and members of the Class have been prevented from taking their off-duty thirty-minute Meal Periods and their timely Rest Periods in a timely fashion. This awareness is shown by, among other things, (a) the XATA electronic records, (b) the logs in the dispatch office, (c) Driver Itineraries, and (d)

302478-9

Driver Time Card Reports.  All of those documents were, throughout the Class Period, available to, and reviewed and monitored by, Defendant US FOODSERVICE on a daily and periodic basis as part of its regular business operations.

37.     During the Class Period, Defendant US FOODSERVICE failed to pay former drivers their missed Meal or Rest Period premium pay upon separation of employment, nor has Defendant US FOODSERVICE ever included wages due based on its illegal deductions in the final paychecks of any departing truck drivers.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Provide Timely Off-Duty Meal Periods and Timely Rest Periods and/or Pay Missed Meal and Rest Period Premiums**
**(IWC Wage Order No. 7; Cal. Labor Code §§ 226.7, 512)**

38.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

39.     Cal. Labor Code § 218 and 218.5 authorize Plaintiffs and the members of the Class to bring a private right of action to recover wages due based on the deprivation of timely Meal and Rest Periods under Cal. Labor Code § 226.7(b) and the IWC Wage Order, as alleged in this Cause of Action. The actionable period for this Cause of Action is April 9, 2007 through the present.

40.     California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

41.     IWC Order No. 7-2001(11)(A), at all times pertinent to this claim, has provided, in relevant part: "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than thirty minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

42.     IWC Order No. 7-2001(11)(B), at all times pertinent to this claim, has provided:: "An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if

302478-9

1    the total hours worked is no more than 12 hours, the second meal period may be waived by mutual

2    consent of the employer and the employee only if the first meal period was not waived."

3        43.    IWC Order No. 7-2001 (11)(C), at all times pertinent to this claim, has further

4    provided, in relevant part: "Unless the employee is relieved of all duty during a thirty minute meal

5    period, the meal period shall be considered an 'on duty' meal period and counted as time worked."

6        44.    IWC Wage Order No. 7-2001 (12)(A), at all times pertinent to this claim, has provided,

7    in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which

8    insofar as practicable shall be in the middle of each work period. The authorized rest period time shall

9    be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours

10   or major fraction thereof. However, a rest period need not be authorized for employees whose total

11   daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be

12   counted as hours worked for which there shall be no deduction from wages."

13       45.    Section 512(a) of the California Labor Code provides, in relevant part, that:

14           An employer may not employ an employee for a work period of more than
             five hours per day without providing the employee with a meal period of
15           not less than thirty minutes, except that if the total work period per day of
             the employee is no more than six hours, the meal period may be waived by
16           mutual consent of both the employer and employee. An employer may not
             employ an employee for a work period of more than 10 hours per day
17           without providing the employee with a second meal period of not less than
             thirty minutes, except that if the total hours worked is no more than 12
18           hours, the second meal period may be waived by mutual consent of the
             employer and the employee only if the first meal period was not waived.

19

20       46.    As alleged herein, due to Defendant US FOODSERVICE's insistence that drivers take

21   their Meal and Rest Periods only at the end of their shifts, its rigorous delivery schedules and routes, its

22   policy of attempting aggressively to minimize delays and make deliveries within specified time

23   windows, both of which effectively prevented drivers from taking Meal Periods and Rest Periods, and

24   its failure to affirmatively relieve drivers of duties for their timely off-duty Meal Periods, Plaintiffs and

25   the members of the Class were routinely prevented from taking off-duty thirty-minute Meal Periods on

26   or before the fifth or even sixth hour of their shifts and/or from taking timely Rest Periods at the

27   direction of Defendant US FOODSERVICE and/or with its endorsement, encouragement, knowledge

28   and acquiescence.

14

FIRST AMENDED CLASS ACTION COMPLAINT - CASE NO.: 10-2163 EMC

302478-9

47. By its actions in requiring or encouraging drivers to work through statutory Meal Periods and/or its failure to ensure the drivers were affirmatively relieved of duties for timely off-duty Meal Periods and/or were authorized and permitted to take timely Rest Periods, Defendant US FOODSERVICE has violated California Labor Code § 226.7 and IWC Wage Order No. 7, and is liable to Plaintiffs and the Class.

48. As a result of the unlawful acts of Defendant US FOODSERVICE, Plaintiffs and the Class have been deprived of timely off-duty thirty-minute Meal Periods, and are entitled to recovery under Cal. Labor Code §226.7(b) and Section 11(D) of IWC Wage Order No. 7 in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant US FOODSERVICE failed to provide drivers with statutory timely off-duty thirty-minute Meal Periods. Furthermore, Plaintiffs and the Class have been deprived of timely Rest Periods and are entitled to recovery under Section 12(B) of IWC Wage Order No. 7 in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant US FOODSERVICE failed to authorize and.

## SECOND CAUSE OF ACTION
### Failure to Pay Wages Due/Illegal Deduction from Wages
**(Cal. Labor Code §§ 1194, 1194.2, 221, 218.5, 1197, 1198, 204, 558; IWC Wage Order No. 7)**

49. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

50. Pursuant to Labor Code §§ 218.5 and 1194, Plaintiffs may bring a civil action for unpaid wages directly against Defendant US FOODSERVICE and may recover such wages, together with interest thereon, penalties, attorneys' fees and costs. The actionable period for this cause of action is April 9, 2007 through the present.

51. California Labor Code § 204 establishes the fundamental right of all employees with the State of California to be paid wages in a timely fashion for their work. In direct violation of that provision, at all time relevant hereto, Defendant US FOODSERVICE has failed to pay Plaintiffs and the Class the full amount of all wages when due.

52. Section 1194 of the Labor Code provides:

Not withstanding any agreement to work for a lesser wage, any employee receiving less then the legal minimum wage or the legal overtime

15

302478-9

compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit.

53.     Section 1194.2 of the Labor Code provides:

In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less then the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation.

54.     Section § 221 of the California Labor Code provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages therefore paid by said employer to said employee."

55.     Pursuant to California Labor Code § 1197, it is unlawful to pay employees less then the minimum wage set by the IWC. Pursuant to California Labor Code § 1198, it is unlawful to employ person under conditions prohibited by the applicable IWC Wage Order.

56.     Pursuant to Section 4 of IWC Wage Order No. 7, which applies to Defendant US FOODSERVICE, employees must be paid at least the minimum wage for each hour worked.

57.     As set forth above, from at least April 9, 2006 until some time in early 2008, Defendant US FOODSERVICE automatically deducted thirty minutes of working time for "lunch breaks" despite the fact that drivers were not provided such off-duty thirty-minute Meal Periods and, in many instances, were not able to take them throughout their working days, including days when they worked more than ten hour shifts.

58.     In failing to pay Plaintiffs and Class members for all the hours worked, Defendant US FOODSERVICE operated in bad faith and without a reasonable basis to believe that drivers were not entitled to compensation for all hours worked. Accordingly, pursuant to Sections §§ 1194 and 1194.2 of the California Labor Code, Plaintiffs and the Class are entitled to recover unpaid wages, and liquidated damages in an additional amount equal to the amount wages unlawfully withheld.

59.     Pursuant to Section § 1194 of the Labor Code, Plaintiffs and the Class are also entitled to recover interest, costs, and attorneys' fees associated with this cause of action. Plaintiffs and Class members are also entitled to recover civil penalties under California Labor Code § 558.

60.    Pursuant to Labor Code section § 218.5, Plaintiffs and Class members are entitled to recover their wages owed. i.e. those that were subject to illegal deductions from wages for Meal Periods despite the fact that they consistently worked through or missed their Meal Periods entirely on shifts greater than ten hours in length.

### THIRD CAUSE OF ACTION
### Failure to Pay Compensation Due Upon Termination/Waiting Time Penalties
### (Cal. Labor Code §§ 201-203)

61.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

62.    Sections 201 and 202 of the California Labor Code require Defendant US FOODSERVICE to pay all compensation due and owing to former drivers at or around the time employment is terminated. Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for such "waiting time" penalties in the form of continued compensation up to thirty (30) work days. Plaintiffs seek such penalties in this Cause of Action. The actionable period for this cause of action is April 9, 2007 through the present.

63.    Defendant US FOODSERVICE willfully failed to pay Plaintiffs and other members of the Class who are no longer employed by Defendant US FOODSERVICE premium pay for their missed, untimely and/or interrupted Meal Periods; their untimely Rest Periods; and for illegal deductions for off-duty Meal Periods that were never taken on shifts greater then ten hours, upon their termination or separation from employment with Defendant US FOODSERVICE as required by California Labor Code §§ 201 and 202. Defendant US FOODSERVICE's failure to pay Plaintiffs and Class members all compensation due to them on termination was willful from at least April 9, 2006 until some time in early 2008, and for at least those employees terminated after early 2008 who had worked prior to that time period, thereafter.

64.    As a result, Defendant US FOODSERVICE is liable to Plaintiffs and other members of the Class who are no longer employed by Defendant US FOODSERVICE for penalties pursuant to California Labor Code § 203.

302478-9

## FOURTH CAUSE OF ACTION
### Failure to Issue Accurate Itemized Wage Statements
### (Cal. Labor Code §§ 226 and 226.3)

65.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

66.     The actionable period for this cause of action is April 9, 2009 through the present.

67.     Section 226(a) of the California Labor Code provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of the hours worked at each hourly rate by the employee.

68.     Section 226(e) provides that an employee is entitled to recover $50 for initial pay period in which a violation of Section 226 occurs and $100 for each subsequent pay period, not to exceed $4,000, as well as an award of costs and reasonable attorney's fees, for all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

69.     As set forth above, during the Class Period, Defendant US FOODSERVICE knowingly provided Plaintiff PARKER and members of the Class with bi-weekly inaccurate itemized wage statements containing inaccurate information regarding the wages earned by Plaintiff PARKER and members of the Class in that the payments owed to Plaintiff PARKER and the members of the Class for untimely or missed Meal and Rest Periods were not included in gross wages earned by Plaintiff PARKER and the Class.

70.     Defendant US FOODSERVICE's failure to provide Plaintiff PARKER and members of the Class with accurate itemized wage statements during the Class Period has caused Plaintiff

302478-9

1    PARKER and the members of the Class to incur economic damages in that they were not aware that

2    they were owed and not paid compensation for missed, untimely or on-duty Meal and Rest Periods.

3        71.    As a result of Defendant US FOODSERVICE's issuance of inaccurate itemized wage

4    statements to Plaintiff PARKER and members of the Class in violation of Labor Code § 226(a),

5    Plaintiff PARKER and the members of the Class are each entitled to recover an initial penalty of $50,

6    and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4000 for

7    Plaintiff PARKER and for every member of the Class to be paid by Defendant US FOODSERVICE

8    pursuant to §226(e) of the Labor Code.

9    **FIFTH CAUSE OF ACTION**<br>**Unfair/Unlawful/Fraudulent Business Practices**

10   **(Cal. Bus. & Prof. Code § 17200 et seq.)**

11       72.    Plaintiffs re-allege and incorporate by reference each and every allegation set forth in

12   the preceding paragraphs.

13       73.    Section 17200 of the California Business & Professions Code prohibits any unlawful,

14   unfair, or fraudulent business practices.

15       74.    Labor Code section 90.5(a) states that it is the public policy of California to enforce

16   vigorously minimum labor standards in order to ensure employees are not required to work under

17   substandard and unlawful conditions, and to protect employers who comply with the law from those

18   who attempt to gain competitive advantage at the expense of their workers by failing to comply with

19   minimum labor standards.

20       75.    Beginning at a date unknown to Plaintiffs, but at least as early as April 9, 2006,

21   Defendant US FOODSERVICE through its actions alleged herein, committed, and continues to

22   commit, acts of unfair competition and/or unlawful business practices within the meaning of Cal. Bus.

23   & Prof. Code, § 17200, because Defendant US FOODSERVICE's conduct has violated state wage and

24   hour laws and underlying public policies, as herein described. In particular, Defendant US

25   FOODSERVICE engaged in unfair competition in violation of Cal. Bus & Prof. Code, § 17200 *et seq.*

26   by violating, *inter alia*, each of the following: (a) the rights asserted in the First, Second, Third and

27

28

302478-9

1 | Fourth Causes of Action as stated above; (b) Cal. Labor Code §§ 201-204, 218, 226, 226.3, 226.7, 512;

2 | 1194, 1194.2, 1197, 1198, and (d) California IWC Order No. 7-2001 (as amended).

3 |      76.     Defendant US FOODSERVICE's course of conduct, act and practice in violation of the

4 | California laws mentioned in each Cause of Action and under each statute and IWC Order provision

5 | alleged to have been violated in this Complaint constitutes a separate and independent violation of

6 | 17200 *et seq.* of the California Business and Professions Code.

7 |      77.     The harm to Plaintiffs and members of the Class members in being wrongfully denied

8 | timely off-duty thirty-minute Meal and timely ten minute Rest Periods, and not compensating them

9 | with premium pay for missed or late and/or on-duty Meal Periods and for untimely Rest Periods, as

10 | well as the harm associated with the illegal deductions from wages described herein outweighs the

11 | utility, if any, of Defendant US FOODSERVICE's policies/practices and, therefore, Defendant US

12 | FOODSERVICE's actions described herein constitute an unfair business practice or act within the

13 | meaning of California Business and Professions Code § 17200.

14 |      78.     The unlawful and unfair business practices and acts of Defendant US FOODSERVICE,

15 | as described above, have injured Plaintiffs and the Class, in that they were wrongfully denied premium

16 | pay due for missed, untimely and on-duty Meal Periods; for untimely Rest Periods; and their wages

17 | were subject to unlawful and automatic deductions from working time when no off-duty Meal Periods

18 | were taken on shifts longer then ten hours.

19 |      79.     Plaintiffs and Members of the Class are entitled to restitution of wages, compensation,

20 | and penalties due to them as a result of Defendant US FOODSERVICE's acts and omissions in

21 | violation of law as alleged herein.  The actionable period for this cause of action is April 9, 2006

22 | through the present.

23 | **SIXTH CAUSE OF ACTION**<br>**CIVIL PENALTIES**<br>**(CALIFORNIA LABOR CODE § 2698 et seq.,**<br>**PRIVATE ATTORNEYS GENERAL ACT OF 2004)**

24 |

25 |

26 |      80.     Plaintiffs re-allege and incorporate by reference each and every allegation set forth in

27 | the preceding paragraphs.

28 |

302478-9

81.     Pursuant to Labor Code § 2699, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself of herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

82.     Plaintiffs are aggrieved employees because they were employed by the alleged violator and had one or more of the alleged violations committed against them, and therefore are properly suited to represent the interests of other current and former drivers of US FOODSERVICE.

83.     Plaintiffs have provided notice pursuant to Labor Code § 2699.3 to the California Labor & Workforce Development Agency of their action based on the alleged Labor Code violations, as set forth in the letter attached hereto as Exhibit H.  As of this date, the Labor & Workforce Development Agency has not responded to that notice, and no response is anticipated.

84.     Accordingly, on behalf of themselves and all other similarly aggrieved employees who have worked for US FOODSERVICE at any time since one year prior to the filing of this Complaint, Plaintiffs alleges as follows:

85.     Labor Code § 2698 *et seq.*, the Private Attorney Generals Act of 2004 ("PAGA"), provides that a Court must award civil penalties for violations of the Labor Code.

86.     Under Labor Code § 2699(2)(f), US FOODSERVICE is subject to a civil penalty of one hundred dollars ($100) for each Plaintiff and similarly aggrieved driver per pay period for the initial violation of Labor Code § 226.7 for failing to provide meal periods, as alleged in the First Cause of Action, and two hundred dollars ($200) for each Plaintiff and similarly aggrieved driver per pay period for each subsequent violation of Labor Code § 226.7 for failing to provide meal periods, as alleged in the First Cause of Action.

87.     Under Labor Code § 558, US FOODSERVICE is subject to a civil penalty of (1) for an initial violation, fifty dollars ($50) for each underpaid Plaintiff and similarly aggrieved employee for each pay period for which the employee was provided a meal period under Labor Code § 512, as alleged in the First Cause of Action, in addition to an amount sufficient to recover underpaid wages; and (2) for each subsequent violation, one hundred dollars ($100) for each underpaid Plaintiff and

302478-9

similarly aggrieved employee for each pay period for which the employee was underpaid under Labor Code § 512, as alleged in the First Cause of Action, in addition to an amount sufficient to recover underpaid wages.

88. Under Labor Code § 2699(2)(f), Defendants are subject to a civil penalty of one hundred dollars ($100) for each Plaintiff and similarly situated driver per pay period for the initial unlawful wage deduction in violation of Labor Code § 221, as alleged in the Second Cause of Action, and two hundred dollars ($200) for each Plaintiff and similarly situated driver per pay period for each subsequent violation of Labor Code § 221, as alleged in the Second Cause of Action.

89. Under Labor Code § 2699(2)(f), US FOODSERVICE is subject to a civil penalty of one hundred dollars ($100) for each Plaintiff and similarly situated driver per pay period for the initial violation of Labor Code §§ 201 and 202 (failure to pay earned wages upon discharge), as alleged in the Third Cause of Action, and two hundred dollars ($200) for each Plaintiff and similarly situated driver per pay period for each subsequent violation of Labor Code §§ 201 and 202, as alleged in the Third Cause of Action.

90. Under Labor Code § 226.3, Defendants are subject to a civil penalty of two hundred fifty dollars ($250) for each Plaintiff and similarly situated driver for the first violation, and one thousand dollars ($1,000) for each Plaintiff and similarly situated driver for each subsequent violation of Labor Code § 226(a) (Failure to Furnish Timely and Accurate Wage Statements), as alleged in the Fourth Cause of Action.

91. Plaintiffs, on behalf of themselves and similarly situated drivers, request relief as described below.

## VII. PRAYER FOR RELIEF

Wherefore, Plaintiffs, on behalf of themselves and the members of the Class, pray for judgment against Defendant US FOODSERVICE as follows:

1. An order that this action may proceed and be maintained as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3);

2. On the First Cause of Action:

302478-9

1          a.     A declaratory judgment that Defendant US FOODSERVICE has violated

2   California Labor Code § 226.7, § 512 and the IWC Wage Order No. 7-2001;

3          b.     Pursuant to Cal. Labor Code § 226.7 and IWC Wage Order No. 7, an award to

4   Plaintiffs and the Class Members of one additional hour of pay at the employee's regular rate of

5   compensation for each day that Meal Periods were missed/not provided on a timely basis, and/or were

6   provided only on-duty, during the Class Period;

7          c.     Pursuant to Cal. Labor Code § 226.7 and IWC Wage Order No. 7, an award to

8   Plaintiffs and the Class Members of one additional hour of pay at the employee's regular rate of

9   compensation for each day that Rest Periods were missed and/or not provided on a timely basis, during

10   the Class Period;

11          d.     Pursuant to Cal. Labor Code Section § 218.6, an award of all accrued interest

12   from the date that the wages were due and payable at the legal interest rate; and

13          e.     An award to Plaintiffs and the Class of reasonable attorneys' fees and costs

14   pursuant to Cal. Labor Code § 218.5 and/or other applicable state laws.

15      3.    On the Second Cause of Action:

16          a.     A declaratory judgment that Defendant US FOODSERVICE has violated

17   California Labor Code §§ 1194, 221, 204, 218.5, 558, 1194, 1194.2, 1197, 1198, and IWC Wage Order

18   No. 7-2001;

19          b.     Pursuant to Cal. Labor Code § 1194, an award to Plaintiffs and the Class

20   members for all wages wrongfully withheld from them for their unpaid hours worked, at the

21   appropriate rate of compensation including overtime, for each day on which Defendant US

22   FOODSERVICE automatically deducted thirty minutes of working time from drivers where the drivers

23   worked more than ten hours without taking any off-duty Meal Periods during the Class Period;

24          c.     Pursuant to Cal. Labor Code § 1194.2, an award of liquidated damages to

25   Plaintiffs and the Class in an additional amount equal to all wages wrongfully withheld form them for

26   their unpaid hours of working time at the appropriate rate of compensation, including overtime, for

27   each day on which Defendant US FOODSERVICE automatically deducted thirty minutes of working

28

302478-9

1 │ time from drivers where the drivers worked more than ten hours without taking any off-duty Meal

2 │ Periods during the Class Period;

3 │        d.     Pursuant to Cal. Labor Code § 1194, an award to Plaintiffs and the Class of

4 │ reasonable attorneys' fees, interest, and costs; and

5 │        e.     Pursuant to Cal. Labor Code Section §§ 221 and 218.5, an award of wages owed

6 │ plus interest and reasonable attorney fees to Plaintiffs and Class members based on Defendant US

7 │ FOODSERVICE's illegal deduction of thirty minutes of working time from drivers, and civil penalties

8 │ under Cal. Labor Code Section § 558.

9 │     4.     On the Third Cause of Action:

10 │        a.     A declaratory judgment that Defendant has violated California Labor Code

11 │ §§ 201-203;

12 │        b.     Pursuant to Cal. Labor Code §§ 201-203, an award to Plaintiffs and the Class

13 │ Members who are no longer employed by Defendant US FOODSERVICE for waiting time penalties in

14 │ the amount of 30 days' wages for each Class Member who is no longer employed by Defendant US

15 │ FOODSERVICE; and

16 │        c.     An award to Plaintiffs and the Class Members who are no longer employed by

17 │ Defendant US FOODSERVICE of reasonable attorneys' fees and costs pursuant to Cal. Labor Code

18 │ §218.5 and/or other applicable state laws.

19 │     5.     On the Fourth Cause of Action:

20 │        a.     A declaratory judgment that Defendant US FOODSERVICE violated Labor

21 │ Code § 226 and 226.3 by issuing inaccurate weekly wage statements to Plaintiff PARKER and other

22 │ members of the Class;

23 │        b.     An award to Plaintiff PARKER and other members of the Class of $50 for each

24 │ initial pay period in which a violation of Section 226 occurred and $100 for each subsequent pay

25 │ period in which a violation of Section 226 occurred, not to exceed $4,000 for each member of the

26 │ Class, as well as an award of costs and reasonable attorney's fees.

27 │     6.     On the Fifth Cause of Action:

28 │

1         a.     An Order requiring Defendant US FOODSERVICE, its agents, servants, and

2 employees, and all persons acting, directly or indirectly, in concert with them, to restore and disgorge

3 all funds to each member of the Class acquired by means of any act or practice declared by this Court

4 to be unlawful, unfair or fraudulent and therefore constituting unfair competition under the California

5 Business and Professions Code § 17200 *et seq.*;

6         b.     For declaratory relief pursuant to California Business and Professions Code

7 § 17203, consisting of, *inter alia*, (1) a declaration that Defendant US FOODSERVICE has engaged in

8 unlawful and unfair business acts and practices in violation of California Business & Professions Code

9 § 17200 *et seq.*; and (2) restitution, including, but not limited to, the relief permitted by the California

10 IWC Wage Order No. 7-2001 and Labor Code 226.7.

11     7.     On the Sixth Cause of Action

12         a.     An award of civil penalties pursuant to the Private Attorneys General Act, Labor

13 Code § 2698 *et seq.* to Plaintiffs and all similarly aggrieved employees for all violations of the Labor

14 Code alleged herein;

15         b.     An awarded reasonable attorneys' fees and costs to Plaintiffs and all similarly

16 aggrieved employees pursuant to Labor Code § 2699(g)(1) and/or other applicable law.

17     8.     An award to Plaintiffs and the Class members of their attorneys' fees and costs of suit

18 to the extent permitted by law, including, but not limited to, Cal. Code of Civil Procedure § 1021.5,

19 and Labor Code § 218.5.

20     9.     All other relief as this Court deems proper.

21                       **DEMAND FOR TRIAL BY JURY**

22     Plaintiffs demand trial by jury of all of their claims on which they are entitled to a jury trial,

23 including all claims made in the First, Second, Third, and Fourth Causes of Action stated in their

24 Complaint.

25

26

27

28

1  | Dated: February__, 2012

Respectfully submitted,

GOLDSTEIN, DEMCHAK, BALLER, BORGEN &
DARDARIAN

_____
MORRIS J. BALLER (SBN 048928)
mballer@gdblegal.com
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 763-9800
(510) 835-1417 (Fax)

JULIAN HAMMOND (SBN 268489)
Hammond.julian@gmail.com
HammondLaw, PC
1180 S. Beverly Drive, Suite 601
Los Angeles, CA  90035
(310) 601-6766
(310) 295-2385 (Fax)

CRAIG J. ACKERMANN (SBN 229832)
cja@laborgators.com
ACKERMANN & TILAJEF, P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
(310) 277-0614
(310) 277-0635 (Fax)

Attorneys for Plaintiffs Downs, Parker, Ramirez, Roman
and Wolterding, and all others similarly situated

FIRST AMENDED CLASS ACTION COMPLAINT - CASE NO.: 10-2163 EMC

302478-9

```
07/09/06 14:45      Time Card Report  - From: 06/25/06 To: 07/08/06      Page: 1
----------------------------------------------------------------------------------
DOWDate      SpcIN        Beg Brk End Brk OUT        REG    OT1    OT2    TOT
==================================================================================
Home Department #  16
--------------------
DOWNS, LORETTA            Payroll #: 158614
Mon06/26/06    2:30 AM    ←        NIGHT    4:15 PM   10.00   3.25   0.00  13.25
Tue06/27/06    2:32 AM    ←        PREMIUM  8:30 PM   10.00   7.47   0.00  17.47
Wed06/28/06    6:30 AM                      9:50 PM   10.00   4.83   0.00  14.83
Thu06/29/06    8:00 AM             NIGHT    6:09 PM    9.65   0.00   0.00   9.65
Sat07/01/06    1:00 AM    ←        PREMIUM  5:38 PM   -0.35   08.00  8.13  16.13 OT
Sun07/02/06 HOL                                       10.00   0.00   0.00  10.00
Mon07/03/06    4:00 AM             NIGHT    1:17 PM    8.78   0.00   0.00   8.78
Tue07/04/06    2:30 AM    ←        PREMIUM  2:30 PM   10.00  11.50   0.00  11.50
Wed07/05/06    3:00 AM                      2:51 PM   10.00   1.35   0.00  11.35
Thu07/06/06    3:00 AM                      3:11 PM   10.00   1.68   0.00  11.68
Sat07/08/06    3:00 AM                      5:55 PM   -1.33   08.00  6.42  14.42 OT
                                                     ----------------------------
                                                      90.00  49.07  0.00  139.07
                                                      78.43  46.08  14.55
Emp. Signature: _____      Approved: _____  ⊗

Department Total:                                     90.00  49.07  0.00  139.07
```

**PAYROLL HOURS**

| | |
|---|---|
| REG/+GUAR: | 68.43 |
| OT1: | 46.08 |
| OT2: | 14.55 |
| NP: | 58.35 |
| VAC: | |
| FH: | |
| SIC: | |
| JUR: | |
| FNL: | |
| HOL: | 10 |
| OTHER: | |
| TOTAL: | 197.41 |

VERIFIED BY _____

EXHIBIT A

/ Time Printed: Sunday, June 25, 2006 / 5:59:49PM          UPS Logistics Technologies, Inc.          ROADNET 5000 Report

## DRIVER ITINERARY
### Delivery Date: Monday, June 26, 2006

Route: 1710 – VALENCIA #2

Driver Information

Driver 1:  DOWNS, LORETTA – 0116

Driver 2:

Depot:  DPT - 08

| Equipment ID | Equipment Type ID | Description |
|---|---|---|
| - | 60 | |

| Stop # | Total Deliveries CUBE CASES WEIGHT | Total Pickups CUBE CASES WEIGHT | Service Time | Location Name / Location Address / Open/Close / Travel Time | Time Windows / Distance | Location ID | Type |
|---|---|---|---|---|---|---|---|
| Standard Instructions | | | | | | | |
| Order Number | CUBE | CASES | WEIGHT | Order Override Special Instructions | | | |
| Depart Depot 3:00 | | | | | | | |
| 1 * Arrive: 4:29 Depart: 5:16 | 87 77 1,916 | 0 0 0 | 00:47 | RUBIO'S-PASADENA #100 216 S LAKE AV PASADENA, CA 91101 O/C: 0:01 / 23:59   TW1: 0:01 / 11:00 Travel: 01:29   Distance: 52.11 | TW2: / | 13537287 | SIT |
| KEY STOP | | | | | | | |
| 915976 | 86 | 76 | 1,896 | MOTION DETECTOR ON ALARM.TO RESET STAND STILL UNTIL YOU SEE A GREEN LIGHT, THEN ENTER CODE AND LEAVE | | | |
| 916254 | 1 | 1 | 20 | MOTION DETECTOR ON ALARM.TO RESET STAND STILL UNTIL YOU SEE A GREEN LIGHT, THEN ENTER CODE AND LEAVE | | | |
| 2 o Arrive: 5:42 Depart: 7:43 | 158 225 3,965 | 0 0 0 | 02:01 | VERDUGO HILLS HOSPITAL 1812 VERDUGO BLVD GLENDALE, CA 91208 O/C: 6:00 / 14:00   TW1: 6:00 / 10:00 Travel: 00:25   Distance: 8.89 | TW2: / | 33572827 | SIT |
| 915839 | 158 | 225 | 3,965 | | | | |
| 3 * Arrive: 8:47 Depart: 9:44 | 82 96 2,167 | 0 0 0 | 00:56 | T.G.I. FRIDAY'S #1906 24201 VALENCIA BLVD, #102 SANTA CLARITA, CA 91355 O/C: 6:00 / 11:00   TW1: 6:00 / 11:00 Travel: 01:03   Distance: 32.21 | TW2: / | 73584823 | SIT |
| 916185 | 82 | 96 | 2,167 | | | | |
| 4 * Arrive: 9:49 Depart: 10:40 | 76 85 2,106 | 0 0 0 | 00:51 | APPLEBEE'S - SANTA CLARITA 23626 VALENCIA BLVD SANTA CLARITA, CA 91355 O/C: 7:00 / 11:00   TW1: 7:00 / 11:00 Travel: 00:05   Distance: 0.94 | TW2: / | 23455744 | SIT |
| 916225 | 76 | 85 | 2,106 | APPT 7-10 AM (NOTIFY CUST.OF LATE DELV.) | | | |

## EXHIBIT B

Pickup sizes are underlined.

**Legend**

o = arrived before opening time  c = arrived before closing time, but services will extend beyond closing time  C = arrived after closing
* = arrived within one of the delivery time window ranges  m = arrived outside of the delivery time window ranges Z = location is zip geocoded

# DRIVER ITINERARY

### Delivery Date: Monday, June 26, 2006

ute: 1710 -VALENCIA #2

| op # | Total Deliveries CUBE CASES WEIGHT | Total Pickups CUBE CASES WEIGHT | Service Time | Location Name Location Address Open/ Close Travel Time | Time Windows Distance | Location ID | Type |
|------|------|------|------|------|------|------|------|
| andard Instructions | | | | | | | |
| rder Number | CUBE | CASES | WEIGHT | Order Override Special Instructions | | | |
| *   Arrive: 10:41 Depart: 11:20 | 46 62 771 | 0 0 0 | 00:39 | BARNES & NOBLE #2642 23630 VALENCIA BLVD  VALENCIA, CA 91365 O/C:  8:00 / 14:00 Travel: 00:01 | TW1:  8:00 / 14:00   TW2:  / Distance:  0.01 | 03612793 | SIT |
| '12169 | 0 | 1 | 0 | | | | |
| '14876 | 46 | 61 | 771 | | | | |

*** 00:15 PAID BREAK ***

*** 00:30 BREAK ***

*** 00:15 PAID BREAK ***

| Return to Depot: | 14:33 | | | Travel: 02:12 | Distance: 87.70 | | |
|------|------|------|------|------|------|------|------|
| Summary: | | | | | Delivery | Pickup | Total |
| Travel: | 05:18 | Stops: | 5 | CUBE: | 449 | 0 | 449 |
| Service: | 05:15 | Distance | 181.92 | CASES: | 545 | 0 | 545 |
| Break: | 01:00 | Trips: | 1 | WEIGHT: | 10,925 | 0 | 10,925 |
| Depot Time: | 00:00 | Runtime: | 11:33 | Orders: | 7 | 0 | 7 |

Pickup sizes are underlined.

### Legend

o = arrived before opening time  c = arrived before closing time, but services will extend beyond closing time  C = arrived after closing
* = arrived within one of the delivery time window ranges  m = arrived outside of the delivery time window ranges  Z = location is zip geocoded

ate / Time Printed: Sunday, July 02, 2006 / 6:54:34PM          UPS Logistics Technologies, Inc.          ROADNET 5000 Report          Page 1 of 2

# DRIVER ITINERARY
### Delivery Date: Monday, July 03, 2006

**Route: 1880 - LOMA LINDA**

**Driver Information**

| | | Equipment ID | Equipment Type ID | Description |
|---|---|---|---|---|
| **Driver 1:** | DOWNS, LORETTA — 0116 | - | 60 | |
| **Driver 2:** | | | | |

**Depot:      DPT - 08**

| Stop # | Total Deliveries CUBE CASES WEIGHT | Total Pickups CUBE CASES WEIGHT | Service Time | Location Name Location Address Open/ Close Travel Time | Time Windows Distance | Location ID | Type |
|---|---|---|---|---|---|---|---|
| **Standard Instructions** | | | | | | | |
| **Order Number** | **CUBE** | **CASES** | **WEIGHT** | **Order Override Special Instructions** | | | |
| **Depart Depot**    4:30 | | | | | | | |
| 1  o  Arrive: 5:00 | 94 | 0 | 00:57 | MILLIES 3403 - RIVERSIDE #2 | | 73678013 | SIT |
|      Depart: 5:57 | 97 | 0 | | 3580 ADAMS STREET  RIVERSIDE, CA 92504  (909) 351-1500 | | | |
| | 1,917 | 0 | | O/C:  7:00 / 11:00 | TW1: / | TW2: / | |
| | | | | Travel: 00:30 | Distance:  11.11 | | |
| KEY STOP | | | | | | | |
| 918980 | 94 | 97 | 1,917 | | | | |
| 2  *  Arrive: 6:36 | 158 | 0 | 01:20 | CLAIM JUMPER #1 | | 43527860 | SIT |
|      Depart: 7:56 | 143 | 0 | | 1905 S. COMMERCENTER EAST  SAN BERNARDINO, CA 92408 | | | |
| | 2,766 | 0 | | O/C:  5:30 / 9:00 | TW1: 5:30 / 9:00 | TW2: / | |
| | | | | Travel: 00:39 | Distance:  16.50 | | |
| 919279 | 158 | 143 | 2,766 | | | | |
| 3  *  Arrive: 8:09 | 52 | 0 | 00:34 | VA CANTEEN VCS GROC #605 | | 43550706 | SIT |
|      Depart: 8:43 | 51 | 0 | | 11201 BENTON ST  LOMA LINDA, CA 92357 | | | |
| | 1,087 | 0 | | O/C:  7:00 / 12:00 | TW1: 7:00 / 10:00 | TW2: / | |
| | | | | Travel: 00:12 | Distance:  3.25 | | |
| G&MJ | | | | | | | |
| 918569 | 52 | 51 | 1,087 | NO DELIVERIES AFTER 2 PM | | | |
| 4  *  Arrive: 8:45 | 129 | 0 | 01:37 | VA HOSPITAL - LOMA LINDA | | 93465722 | SIT |
|      Depart: 10:22 | 177 | 0 | | 11201 BENTON ST  LOMA LINDA, CA 92357 | | | |
| | 3,382 | 0 | | O/C:  7:00 / 12:00 | TW1: 7:00 / 10:00 | TW2: / | |
| | | | | Travel: 00:02 | Distance:  0.27 | | |
| G&MJ | | | | | | | |
| 919019 | 129 | 177 | 3,382 | ***DO NOT SHIP ORDER WITHOUT PO#*** | | | |

# EXHIBIT C

ckup sizes are underlined.

**Legend**

o = arrived before opening time  c = arrived before closing time, but services will extend beyond closing time  C = arrived after closing
* = arrived within one of the delivery time window ranges  m = arrived outside of the delivery time window ranges  Z = location is zip geocoded

## DRIVER ITINERARY
### Delivery Date: Monday, July 03, 2006

oute: 1880 -LOMA LINDA

| top # | Total Deliveries CUBE CASES WEIGHT | Total Pickups CUBE CASES WEIGHT | Service Time | Location Name Location Address Open/ Close Travel Time | Time Windows Distance | Location ID | Type |
|---|---|---|---|---|---|---|---|
| tandard Instructions | | | | | | | |
| )rder Number | CUBE | CASES | WEIGHT | Order Override Special Instructions | | | |
| ; * Arrive: 10:52 | 102 | 0 | 00:57 | SIZZLER #671 MORENO VALLE | | 43626597 | SIT |
| Depart: 11:49 | 97 | 0 | | 25035 SUNNYMEAD BLVD MORENO VALLEY, CA 92553 (909) 242-80 | | | |
| | 3,223 | 0 | | O/C: 7:00 / 20:00 | TW1: 7:00 / 11:00 | TW2: 13:30 / 20:00 | |
| | | | | Travel: 00:30 | Distance: 11.10 | | |
| AT. 7-11 | | | | | | | |
| '19096 | 1 | 4 | 57 | DELIVER 7 TO 11 ON SATURDAYS | | | |
| '19197 | 101 | 93 | 3,166 | DELIVER 7 TO 11 ON SATURDAYS | | | |

*** 00:15 PAID BREAK ***

*** 00:30 BREAK ***

*** 00:15 PAID BREAK ***

| teturn to Depot: | 13:43 | | | Travel: 00:53 | Distance: 25.70 | | |
|---|---|---|---|---|---|---|---|
| Summary: | | | | | Delivery | Pickup | Total |
| Travel: | 02:48 | Stops: | 5 | CUBE: | 535 | 0 | 535 |
| Service: | 05:25 | Distance | 67.98 | CASES: | 565 | 0 | 565 |
| Break: | 01:00 | Trips: | 1 | WEIGHT: | 12,375 | 0 | 12,375 |
| Depot Time: | 00:00 | Runtime: | 09:13 | Orders: | 6 | 0 | 6 |

ickup sizes are underlined.

### Legend

o = arrived before opening time   c = arrived before closing time, but services will extend beyond closing time   C = arrived after closing
* = arrived within one of the delivery time window ranges   m = arrived outside of the delivery time window ranges  Z = location is zip geocoded

z / Time Printed:  Friday, July 07, 2006 / 6:22:40PM          UPS Logistics Technologies, Inc.          ROADNET 5000 Report                    Page 1 of 3

# DRIVER ITINERARY
### Delivery Date:  Saturday, July 08, 2006

:oute:  6750 -LA MIRADA

:river Information

| | | Equipment ID | Equipment Type ID | Description |
|---|---|---|---|---|
| :river 1: | DOWNS, LORETTA – 0116 | - | 60 | |
| :river 2: | | | | |

:epot:        DPT - 08

| :top # | Total Deliveries CUBE CASES WEIGHT | Total Pickups CUBE CASES WEIGHT | Service Time | Location Name Location Address Open/ Close Travel Time | Time Windows Distance | Location ID | Type |
|---|---|---|---|---|---|---|---|
| :tandard Instructions | | | | | | | |
| Order Number | CUBE | CASES | WEIGHT | Order Override Special Instructions | | | |
| :epart Depot        3:30 | | | | | | | |
| 1  *  Arrive: 4:39    Depart: 5:06 | 40  42  1,180 | 0  0  0 | 00:27 | SIZZLER #840 LA MIRADA           13626585    15252 ROSECRANS AVE  LA MIRADA,  CA 90638    O/C:  0:00 / 20:00        TWI:  0:00 / 11:00              TW2: 13:30 / 19:00    Travel: 01:09                   Distance:  36.01 | | | SIT |
| :EY STOP | | | | | | | |
| 921404 | 40 | 42 | 1,180 | 737- E-3 | | | |
| 2  *  Arrive: 5:36    Depart: 6:32 | 113  107  2,629 | 0  0  0 | 00:56 | RUBIO'S DOWNEY #168              03680568    12014 LAKEWOOD BLVD.  DOWNEY, CA 90242    O/C:  1:59 / 23:59        TWI:  1:59 / 23:59              TW2: 12:00 / 23:59    Travel: 00:29                   Distance:  10.74 | | | SIT |
| 921354 | 113 | 107 | 2,629 | 706  C-4 | | | |
| 3  *Z Arrive:  6:54    Depart: 8:32 | 108  198  2,783 | 0  0  0 | 01:37 | RUBY'S CITADEL                   73675159    100 CITADEL DRIVE  LOS ANGLES, CA 900400    O/C:  6:00 / 21:00        TW1:  6:00 / 10:00              TW2:  /    Travel: 00:21                   Distance:  6.70 | | | SIT |
| 921479 | 0 | 1 | 32 | 676  H-3 | | | |
| 921529 | 108 | 107 | 2,751 | | | | |
| 4  *  Arrive:  8:52    Depart: 9:21 | 39  47  1,171 | 0  0  0 | 00:29 | SIZZLER #055 SOUTHGATE           23626716    3905 TWEEDY BLVD  SOUTH GATE, CA 90280    O/C:  7:00 / 20:00        TWI:  7:00 / 11:30              TW2: 13:30 / 20:00    Travel: 00:20                   Distance:  6.00 | | | SIT |
| 921356 | 39 | 47 | 1,171 | 705  B-4 | | | |

# EXHIBIT D

:ickup sizes are underlined.

**Legend**

o = arrived before opening time  c = arrived before closing time, but services will extend beyond closing time  C = arrived after closing

* = arrived within one of the delivery time window ranges   m = arrived outside of the delivery time window ranges  Z = location is zip geocoded

Time Printed: Friday, July 07, 2006 / 6:22:40PM          UPS Logistics Technologies, Inc.          ROADNET 5000 Report

# DRIVER ITINERARY

## Delivery Date: Saturday, July 08, 2006

ute: 6750 - LA MIRADA

| p # | Total Deliveries CUBE CASES WEIGHT | Total Pickups CUBE CASES WEIGHT | Service Time | Location Name Location Address Open/ Close Travel Time | Time Windows Distance | Location ID | Type |
|---|---|---|---|---|---|---|---|
| andard Instructions | | | | | | | |
| rder Number | CUBE | CASES | WEIGHT | Order Override Special Instructions | | | |
| * Arrive: 9:36 Depart: 10:24 | 85 88 2,245 | 0 0 0 | 00:48 | SIZZLER #949 HUNTINGTON P 2111 E FLORENCE AVE HUNTINGTON PARK, CA 90255 O/C: 7:00 / 20:00    TW1: 7:00 / 20:00    TW2: / Travel: 00:14    Distance: 3.76 | | 33626607 | SIT |
| 21328 | 85 | 88 | 2,245 | | | | |
| * Arrive: 10:41 Depart: 11:17 | 62 62 1,819 | 0 0 0 | 00:36 | SIZZLER #139 BELL 4941 E FLORENCE AVE BELL, CA 90201 O/C: 9:00 / 19:00    TW1: 9:00 / 11:30    TW2: 13:30 / 19:00 Travel: 00:16    Distance: 4.56 | | 23626765 | SIT |
| 21341 | 62 | 62 | 1,819 | | | | |

*** 00:30 PAID BREAK ***

*** 00:30 BREAK ***

| 7  m Arrive: 12:40 Depart: 13:29 | 84 81 2,327 | 0 0 0 | 00:49 | SIZZLER #323 PICO RIVERA 6730 S ROSEMEAD PKWY PICO RIVERA, CA 90660 (562) 949-4511 O/C: 9:00 / 20:00    TW1: 9:00 / 11:30    TW2: 13:30 / 20:00 Travel: 00:22    Distance: 7.04 | | 63626824 | SIT |
| 921149 | 84 | 81 | 2,327 | | | | |
| 8  * Arrive: 13:45 Depart: 13:56 | 5 5 168 | 0 0 0 | 00:11 | SIZZLER #053 DOWNEY 10315 LAKEWOOD BLVD DOWNEY, CA 90241 (562) 861-8612 O/C: 8:00 / 17:00    TW1: 8:00 / 17:00    TW2: / Travel: 00:15    Distance: 4.23 | | 83626697 | SIT |
| 921559 | 5 | 5 | 168 | | | | |

Pickup sizes are underlined.

### Legend

o = arrived before opening time   c = arrived before closing time, but services will extend beyond closing time   C = arrived after closing
* = arrived within one of the delivery time window ranges   m = arrived outside of the delivery time window ranges   Z = location is zip geocoded

# DRIVER ITINERARY

### Delivery Date:  Saturday, July 08, 2006

Route: 6750 -LA MIRADA

| op # | Total Deliveries CUBE CASES WEIGHT | Total Pickups CUBE CASES WEIGHT | Service Time | Location Name Location Address Open/ Close Travel Time | Time Windows Distance | Location ID | Type |
|------|-----------------------------------|--------------------------------|--------------|--------------------------------------------------------|----------------------|-------------|------|
| Standard Instructions | | | | | | | |
| Order Number | CUBE | CASES | WEIGHT | Order Override Special Instructions | | | |
| 1  * Arrive: 14:15 Depart: 14:45 | 42 44 1,331 | 0 0 0 | 00:30 | SIZZLER #664 SANTA FE SPR 13225 E TELEGRAPH RD  SANTA FE SPRING, CA 90670  (562) 944-0724 O/C:  8:00 / 20:00 Travel: 00:19 | TW1:  8:00 / 11:30 Distance:  5.49 | 73663890 TW2: 13:30 / 17:00 | SIT |
| 021876 | 42 | 44 | 1,331 | | | | |

| Return to Depot: | 16:01 | | | Travel: 01:15 | Distance: 40.40 | | |
|------------------|-------|--|--|---------------|-----------------|--|--|

| Summary: | | | | | Delivery | Pickup | Total |
|----------|--|--|--|--|----------|--------|-------|
| Travel: | 05:05 | Stops: | 9 | CUBE: | 578 | 0 | 578 |
| Service: | 06:26 | Distance | 124.97 | CASES: | 674 | 0 | 674 |
| Break: | 01:00 | Trips: | 1 | WEIGHT: | 15,653 | 0 | 15,653 |
| Depot Time: | 00:00 | Runtime: | 12:31 | Orders: | 10 | 0 | 10 |

Pickup sizes are underlined.

Legend

o = arrived before opening time   c = arrived before closing time, but services will extend beyond closing time   C = arrived after closing
* = arrived within one of the delivery time window ranges   m = arrived outside of the delivery time window ranges   Z = location is zip geocoded

/ Time Printed: Thursday, July 13, 2006 / 8:31:36PM     UPS Logistics Technologies, Inc.     ROADNET 5000 Report

# DRIVER ITINERARY

## Delivery Date: Friday, July 14, 2006

:ute: 5550 -MISSION HILLS

:iver Information

:iver 1:     DOWNS, LORETTA – 0116

:iver 2:

:pot:     DPT - 08

| :op # | | Total Deliveries CUBE CASES WEIGHT | Total Pickups CUBE CASES WEIGHT | Service Time | Location Name Location Address Open/ Close Travel Time | | Location ID | Type |
|---|---|---|---|---|---|---|---|---|
| :tandard Instructions | | | | | | Time Windows Distance | | |
| :rder Number | | CUBE | CASES | WEIGHT | Order Override Special Instructions | | | |
| :epart Depot | 2:00 | | | | | | | |
| 1 | Arrive: 4:01 Depart: 5:10 | 128 136 2,706 | 0 0 0 | 01:09 | MILLIE'S 3418 MISSION HILL #2 10318 SEPULVEDA  MISSION HILLS, CA 91345 (818) 365-7597 O/C: 0:01 / 23:59 TW1: / TW2: / Travel: 02:01 | Distance: 78.07 | 13678032 | SIT |
| :EY STOP | | | | | | | | |
| 923887 | | 128 | 126 | 2,706 | | | | |
| 2 * | Arrive: 5:20 Depart: 7:09 | 206 222 3,335 | 0 0 0 | 01:48 | PROVIDENCE HOLY CROSS 15031 RINALDI STREET  MISSION HILLS, CA 91345 O/C: 4:59 / 11:00 TW1: 5:00 / 8:00 TW2: / Travel: 00:10 | Distance: 2.26 | 53659066 | SIT |
| 924194 | | 4 | 3 | 26 | | | | |
| 924311 | | 202 | 279 | 3,309 | | | | |
| 3 * | Arrive: 7:37 Depart: 9:53 | 282 284 6,729 | 0 0 0 | 02:16 | APPLEBEE'S - CHATSWORTH 9255 N. WINNETA  AVE.  CHATSWORTH, LA COUNTY CA 91311 (818) O/C: 7:00 / 10:00 TW1: 7:00 / 10:00 TW2: / Travel: 00:28 | Distance: 10.14 | 63680540 | SIT |
| 4150200602261453560063680540000700100007001000000000000000000000000000000000000000000000000000TF     0098 | | | | | APPLEBEE'S - CHATSWORTH | | | |
| 924240 | | 282 | 284 | 6,729 | | | | |
| 4  Z | Arrive: 10:34 Depart: 11:03 | 33 40 768 | 0 0 0 | 00:28 | ROLY POLY VALENCIA 28166 NEWHALL RANCH RD  VALENCIA, CA 91355 (661) 775-0175 O/C: 8:00 / 20:00 TW1: / TW2: / Travel: 00:40 | Distance: 17.44 | 53683058 | SIT |
| 4150200620816162000536830580028166 NEWHALL RANCH RD  ROLY POLY VALENCIA     VALENCIA CA913550000661775017507592359080011301330160000000000000000000000000000000000000000000000MTWRFS 0199 | | | | | | | | |
| 924127 | | 33 | 39 | 735 | O/C Fri 7/14/06 & Friday | Should be routed for Tuesday | | |
| 924212 | | 0 | 1 | 33 | | | | |

# EXHIBIT E

Pickup sizes are underlined.

Legend

o = arrived before opening time  c = arrived before closing time, but services will extend beyond closing time  C= arrived after closing
* = arrived within one of the delivery time window ranges  m = arrived outside of the delivery time window ranges  Z = location is zip geocoded

/ Time Printed: Thursday, July 13, 2006 / 8:31:36PM    UPS Logistics Technologies, Inc.    ROADNET 5000 Report    Page 2 of 2

## DRIVER ITINERARY
### Delivery Date: Friday, July 14, 2006

ute: 5550 -MISSION HILLS

| op # | Total Deliveries CUBE CASES WEIGHT | Total Pickups CUBE CASES WEIGHT | Service Time | Location Name Location Address Open/ Close Travel Time | Time Windows Distance | Location ID | Type |
|---|---|---|---|---|---|---|---|
| andard Instructions | | | | | | | |
| rder Number | CUBE | CASES | WEIGHT | Order Override Special Instructions | | | |

*** 00:30 BREAK ***

*** 00:30 PAID BREAK ***

| eturn to Depot: | 14:18 | | | Travel: 02:15 | Distance: 90.20 | | |
|---|---|---|---|---|---|---|---|

| Summary: | | | | | Delivery | Pickup | Total |
|---|---|---|---|---|---|---|---|
| Travel: | 05:36 | Stops: | 4 | CUBE: | 649 | 0 | 649 |
| Service: | 05:42 | Distance | 198.14 | CASES: | 682 | 0 | 682 |
| Break: | 01:00 | Trips: | 1 | WEIGHT: | 13,538 | 0 | 13,538 |
| Depot Time: | 00:00 | Runtime: | 12:18 | Orders: | 6 | 0 | 6 |

Pickup sizes are underlined.

**Legend**

o = arrived before opening time  c = arrived before closing time, but services will extend beyond closing time  C = arrived after closing
* = arrived within one of the delivery time window ranges  m = arrived outside of the delivery time window ranges  Z = location is zip geocoded

# DRIVER ITINERARY
### Delivery Date: Monday, June 05, 2006

oute: 1880 - LOMA LINDA

river Information

| | Equipment ID | Equipment Type ID | Description |
|---|---|---|---|

river 1:    Chavez, Rick — 0372                    -                    60

river 2:

epot:    DPT - 08

| op # | Total Deliveries CUBE CASES WEIGHT | Total Pickups CUBE CASES WEIGHT | Service Time | Location Name Location Address Open/ Close Travel Time | Time Windows Distance | Location ID | Type |
|---|---|---|---|---|---|---|---|
| tandard Instructions | | | | | | | |
| Order Number | CUBE | CASES | WEIGHT | Order Override Special Instructions | | | |
| epart Depot            4:30 | | | | | | | |
| o  Arrive:  5:00 | 115 | 0 | 00:58 | MILLIES 3403 - RIVERSIDE #2 | | 73678013 | SIT |
| Depart: 5:59 | 112 | 0 | | 3580 ADAMS STREET  RIVERSIDE, CA 92504 (909) 351-1500 | | | |
| | 2,428 | 0 | | O/C:  7:00 / 11:00 | TW1:  / | TW2:  / | |
| | | | | Travel: 00:30 | Distance:  11.11 | | |
| .EY STOP | | | | | | | |
| 006294 | 115 | 112 | 2,428 | | | | |
| 2  * Arrive:  6:38 | 183 | 0 | 01:29 | CLAIM JUMPER #1 | | 43527860 | SIT |
| Depart: 8:07 | 180 | 0 | | 1905 S. COMMERCENTER EAST  SAN BERNARDINO, CA 92408 | | | |
| | 3,761 | 0 | | O/C:  5:30 / 9:00 | TW1:  5:30 / 9:00 | TW2:  / | |
| | | | | Travel: 00:39 | Distance:  16.50 | | |
| 006656 | 183 | 180 | 3,761 | | | | |
| 3  * Arrive:  8:20 | 117 | 0 | 00:59 | VA CANTEEN VCS GROC #605 | | 43550706 | SIT |
| Depart: 9:20 | 114 | 0 | | 11201 BENTON ST  LOMA LINDA, CA 92357 | | | |
| | 1,928 | 0 | | O/C:  7:00 / 12:00 | TW1:  7:00 / 10:00 | TW2:  / | |
| | | | | Travel: 00:12 | Distance:  3.25 | | |
| .G&MJ | | | | | | | |
| 005983 | 117 | 114 | 1,928 | NO DELIVERIES AFTER 2 PM | | | |
| 4  * Arrive:  9:22 | 80 | 0 | 00:59 | VA HOSPITAL - LOMA LINDA | | 93465722 | SIT |
| Depart: 10:22 | 114 | 0 | | 11201 BENTON ST  LOMA LINDA, CA 92357 | | | |
| | 1,912 | 0 | | O/C:  7:00 / 12:00 | TW1:  7:00 / 10:00 | TW2:  / | |
| | | | | Travel: 00:02 | Distance:  0.27 | | |
| .G&MJ | | | | | | | |
| 006290 | 80 | 114 | 1,912 | ***DO NOT SHIP ORDER WITHOUT PO#*** | | | |

# EXHIBIT F

ckup sizes are underlined.

### Legend

o = arrived before opening time   c = arrived before closing time, but services will extend beyond closing time   C = arrived after closing

# DRIVER ITINERARY
### Delivery Date:  Monday, June 05, 2006

ute: 1880 -LOMA LINDA

| op # | Total Deliveries CUBE CASES WEIGHT | Total Pickups CUBE CASES WEIGHT | Service Time | Location Name Location Address Open/ Close Travel Time | Time Windows Distance | Location ID | Type |
|---|---|---|---|---|---|---|---|
| andard Instructions | | | | | | | |
| rder Number | CUBE | CASES | WEIGHT | Order Override Special Instructions | | | |
| *  Arrive: 10:52 | 115 | 0 | 01:05 | SIZZLER #671 MORENO VALLE | | 43626597 | SIT |
| Depart: 11:57 | 113 | 0 | | 25035 SUNNYMEAD BLVD  MORENO VALLEY, CA 92553  (909) 242-80 | | | |
| | 3,335 | 0 | | O/C:  7:00 / 20:00 | TW1:  7:00 / 11:00    TW2: 13:30 / 20:00 | | |
| | | | | Travel: 00:30 | Distance:  11.10 | | |
| AT. 7-11 | | | | | | | |
| 06621 | 115 | 113 | 3,335 | DELIVER 7 TO 11 ON SATURDAYS | | | |

*** 00:15 PAID BREAK ***

*** 00:15 PAID BREAK ***

*** 00:30 BREAK ***

| leturn to Depot: | 13:51 | | | Travel: 00:53 | Distance: 25.70 | |
|---|---|---|---|---|---|---|

| Summary: | | | | | Delivery | Pickup | Total |
|---|---|---|---|---|---|---|---|
| Travel: | 02:48 | Stops: | 5 | CUBE: | 610 | 0 | 610 |
| Service: | 05:33 | Distance | 67.98 | CASES: | 633 | 0 | 633 |
| Break: | 01:00 | Trips: | 1 | WEIGHT: | 13,364 | 0 | 13,364 |
| Depot Time: | 00:00 | Runtime: | 09:21 | Orders: | 5 | 0 | 5 |

ickup sizes are underlined.

### Legend
o = arrived before opening time  c = arrived before closing time, but services will extend beyond closing time  C = arrived after closing

# DRIVER ITINERARY
## Delivery Date: Thursday, June 08, 2006

**Route: 4770 - SAN BERNARDINO**

| Driver Information | | Equipment ID | Equipment Type ID | Description |
|---|---|---|---|---|
| Driver 1: | Chavez, Rick — 0372 | - | 60 | |
| Driver 2: | | | | |

**Depot:** DPT - 08

| Stop # | Total Deliveries CUBE CASES WEIGHT | Total Pickups CUBE CASES WEIGHT | Service Time | Location Name Location Address Open/ Close Travel Time | Time Windows Distance | Location ID | Type |
|---|---|---|---|---|---|---|---|
| **Standard Instructions** Order Number | CUBE | CASES | WEIGHT | Order Override Special Instructions | | | |
| **Depart Depot**   3:30 | | | | | | | |
| 1  o  Arrive: 4:29 | 249 | 0 | 01:37 | COMM HSP SAN BERN-GROC | | 13529508 | SIT |
|    Depart: 6:07 | 301 | 0 | | 1805 MEDICAL CENTER DRIVE  SAN BERNARDINO, CA 92411 | | | |
|  | 4,570 | 0 | | O/C: 5:00 / 9:00 | TW1: 5:00 / 9:00   TW2: / | | |
|  | | | | Travel: 00:59 | Distance: 29.25 | | |
| LG&EJ | | | | | | | |
| 908249 | 249 | 301 | 4,570 | | | | |
| 2  *  Arrive: 6:21 | 298 | 0 | 01:57 | ST BERNARDINES MEDCT-GROC | | 03529492 | SIT |
|    Depart: 8:18 | 368 | 0 | | 2101 NORTH WATERMAN AVE  SAN BERNARDINO, CA 92404  (909) 8 | | | |
|  | 5,636 | 0 | | O/C: 5:00 / 9:00 | TW1: 5:00 / 9:00   TW2: / | | |
|  | | | | Travel: 00:13 | Distance: 3.56 | | |
| 908201 | 298 | 368 | 5,636 | PLEASE PICK UP ALL PALLETS FROM PREVIOUS DELIVERY | | | |
| 3  c  Arrive: 8:40 | 218 | 0 | 01:50 | CLAIM JUMPER #1 | | 43527860 | SIT |
|    Depart: 10:30 | 203 | 0 | | 1905 S. COMMERCENTER EAST  SAN BERNARDINO, CA 92408 | | | |
|  | 4,764 | 0 | | O/C: 5:30 / 9:00 | TW1: 5:30 / 9:00   TW2: / | | |
|  | | | | Travel: 00:21 | Distance: 6.57 | | |
| 908195 | 218 | 203 | 4,764 | | | | |
| 4  *  Arrive: 10:39 | 63 | 0 | 00:31 | GREAT STEAK #7364 | | 03674207 | SIT |
|    Depart: 11:11 | 46 | 0 | | 500 INLAND CENTER  SAN BERNARDINO, CA 92408 | | | |
|  | 976 | 0 | | O/C: 9:00 / 18:00 | TW1: 9:00 / 11:30   TW2: 13:30 / 16:00 | | |
|  | | | | Travel: 00:09 | Distance: 2.05 | | |
| 908296 | 63 | 46 | 976 | | | | |

# EXHIBIT G

Pickup sizes are underlined.

**Legend**

o = arrived before opening time  c = arrived before closing time, but services will extend beyond closing time  C = arrived after closing
* = arrived within one of the delivery time window ranges   m = arrived outside of the delivery time window ranges  Z = location is zip geocoded

Date / Time Printed: Wednesday, June 07, 2006 / 6:24:28PM          UPS Logistics Technologies, Inc.          ROADNET 5000 Report

# DRIVER ITINERARY

### Delivery Date: Thursday, June 08, 2006

Route: 4770 -SAN BERNARDINO

| Stop # | Total Deliveries CUBE CASES WEIGHT | Total Pickups CUBE CASES WEIGHT | Service Time | Location Name Location Address Open/ Close Travel Time | Time Windows Distance | Location ID | Type |
|---|---|---|---|---|---|---|---|
| Standard Instructions | | | | | | | |
| Order Number | CUBE | CASES | WEIGHT | Order Override Special Instructions | | | |
| 5　*　Arrive: 12:10 | 53 | 0 | 00:39 | BARNES & NOBLE #02205 | | 63641906 | SIT |
| 　　　Depart: 12:49 | 61 | 0 | | 2470 TUSCANY STREET  CORONA, CA 92881  (909) 735-0038 | | | |
| | 993 | 0 | | O/C:  7:59 / 15:00 | TW1:  8:00 / 14:00 | TW2:  / | |
| | | | | Travel: 00:59 | Distance:  29.18 | | |
| 904825 | 2 | 2 | 23 | | | | |
| 908362 | 51 | 59 | 970 | | | | |

*** 00:30 PAID BREAK ***

*** 00:30 BREAK ***

| Return to Depot: | 14:04 | | | Travel:  00:15 | Distance:  4.10 | |
|---|---|---|---|---|---|---|

| Summary: | | | | | Delivery | Pickup | Total |
|---|---|---|---|---|---|---|---|
| Travel: | 02:58 | Stops: | 5 | CUBE: | 881 | 0 | 881 |
| Service: | 06:36 | Distance | 74.73 | CASES: | 979 | 0 | 979 |
| Break: | 01:00 | Trips: | 1 | WEIGHT: | 16,939 | 0 | 16,939 |
| Depot Time: | 00:00 | Runtime: | 10:34 | Orders: | 6 | 0 | 6 |

Pickup sizes are underlined.

### Legend
o = arrived before opening time   c = arrived before closing time, but services will extend beyond closing time   C = arrived after closing
* = arrived within one of the delivery time window ranges   m = arrived outside of the delivery time window ranges   Z = location is zip geocoded

# GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN

### A PROFESSIONAL CORPORATION

OF COUNSEL:
BARRY GOLDSTEIN

300 LAKESIDE DRIVE, SUITE 1000
OAKLAND, CALIFORNIA 94612-3536
WWW.GDBLEGAL.COM

TELEPHONE: 510/763-9800
FACSIMILE: 510/835-1417

February 6, 2012

**Via Certified Mail**

Acting Secretary Douglas Hoffner
California Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

Re:     *Downs, et al. v. US Foodservice, Inc.* – U.S. District Court for the Northern
         District of California – No. Case 10-2163 EMC
         *Labor Code Private Attorney General Act Notice*

Dear Acting Secretary Douglas Hoffner:

This letter is to provide notice of claims for penalties under the Labor Code Private Attorneys General Act, as amended, Labor Code § 2699.3.

This firm, along with the Ackerman & Tilajef, P.C. and HammondLaw, P.C. firms, represents Loretta Downs and D'Andre Parker (collectively "Clients") on their claims against U.S. Foodservice, Inc. ("U.S. Foodservice") for compensation for missed meal and rest periods, waiting time penalties, unlawful wage deductions, failure to furnish timely and accurate wage statements, and Unfair Competition Law violations. Our Clients seek penalties for these violations pursuant to Labor Code § 2699 on behalf of themselves and similarly situated truck drivers who work or worked for U.S. Foodservice in California during the period of April 9, 2006, to the present.

The following are the bases for the Labor Code § 2699 penalties:

(1)     Loretta Downs was employed as a truck driver in California by U.S.
         Foodservice from May 2006 through August 2006. D'Andre Parker has been
         employed as a truck driver in California by U.S. Foodservice since October
         2005.

(2)     U.S. Foodservice did not (a) provide timely off-duty thirty-minute Meal
         Periods to Clients and similarly situated California truck drivers; (b) pay
         Clients and similarly situated California truck drivers premium pay for missed,
         untimely or on-duty Meal Periods; (c) authorize and permit Clients and
         similarly situated California truck drivers to take timely Rest Periods; and
         (d) pay Clients and similarly situated California truck drivers premium pay for
         untimely Rest Periods in violation of Labor Code §§ 226.7 and 512 and IWC
         Wage Order No. 7.

302706-3

EXHIBIT H

(3)       U.S. Foodservice failed to pay wages due to Clients and similarly situated California truck drivers by unlawfully deducting thirty minutes of working time for "lunch breaks" despite the fact that drivers were not provided such off-duty thirty-minute meal periods and, in many instances, were not able to take them throughout their working days, including days when they worked more than ten hour shifts in violation of Labor Code §§ 221 and 204 and IWC Wage Order No. 7.

(4)       U.S. Foodservice willfully failed to pay Clients and similarly situated California truck drivers who are no longer employed by U.S. Foodservice premium pay for their missed, untimely and/or interrupted meal periods; their untimely rest periods; and for illegal deductions for off-duty meal periods that were never taken on shifts greater then ten hours, upon their termination or separation from employment as required by Labor Code §§ 201 and 202.

(5)       U.S. Foodservice knowingly provided Clients and similarly situated California truck drivers with bi-weekly itemized wage statements containing inaccurate information regarding the wages earned by Clients and other similarly situated California truck drivers, for untimely or missed meal and rest periods were not included in gross wages earned by Clients and similarly situated California truck drivers in violation of Labor Code § 226(a).

(6)       As a result of these violations, Clients seek penalties under Labor Code Section 2699 on behalf of themselves and similarly situated truck drivers who work or worked for U.S. Foodservice in California during the period mentioned above.

Yours truly,

*Morris J. Ball*

Morris J. Baller, Esq.

MJB/jvd

cc:     *Via certified mail*:

Joan Tucker Fife
Counsel for U.S. Foodservice, Inc.

302706-3

**EXHIBIT H**