1  Morris J. Baller (SBN 048928)
   mballer@gdblegal.com
2  GOLDSTEIN, DEMCHAK, BALLER, BORGEN & DARDARIAN
   300 Lakeside Drive, Suite 1000
3  Oakland, CA 94612
   (510) 763-9800
4  (510) 835-1417 (Fax)

5  Julian Hammond (SBN 268489)
   Hammond.julian@gmail.com
6  HAMMONDLAW, PC
   1180 S. Beverly Drive, Suite 601
7  Los Angeles, CA 90035
   (310) 601-6766
8  (310) 295-2385 (Fax)

9  Craig J. Ackermann (SBN 229832)
   cja@laborgators.com
10 ACKERMANN & TILAJEF, P.C.
   1180 South Beverly Drive, Suite 610
11 Los Angeles, CA 90035
   (310) 277-0614
12 (310) 277-0635 (Fax)

13 Attorneys for Plaintiffs Loretta Downs and D'Andre Parker and all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LORETTA DOWNS and D'ANDRE PARKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. FOODSERVICE, INC.,<br><br>Defendant. | Case No.: 10-2163 EMC<br><br>[PROPOSED] AMENDED ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT (modified)<br><br>Date:   August 31, 2012<br>Time:  1:30 p.m.<br>Crtrm: 5<br>Hon. Edward M. Chen |

1.   The Court, having considered whether to order final approval of the settlement of the above-captioned action pursuant to the Amended Stipulation for Class Action Settlement and Release ("Settlement Agreement") filed on February 17, 2012; having read and considered all of the papers of the parties and their counsel, including Plaintiffs' Motion for Final Approval and supporting pleadings filed on August 10, 2012 and Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards and supporting pleadings filed on June 12, 2012; having granted preliminary approval on April 10, 2012; having previously directed that notice be given to all Class Members of preliminary approval of the Settlement Agreement and the final approval hearing and the right to be excluded from or object to the settlement, and having received no objections or opposition to the settlement; and good cause appearing, pursuant to Rule 23(e)(1)(A) of the Federal Rules of Civil Procedure,

**FOR THE REASONS STATED ON THE RECORD, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Terms used in this Order, other than those defined in this Order, have the meaning assigned to them in the Settlement Agreement and the Notice sent to Class Members.

2. The Court hereby makes final the conditional class certification contained in the Order Granting Preliminary Approval of Class Action Settlement Agreement entered April 10, 2012 ("Preliminary Approval Order"), and thus makes final for purposes of the Settlement Agreement the certification, pursuant to FRCP 23(g)(1)(A), of a class whose members consist of:

> All current and former truck drivers employed by USF whose regular job responsibilities include(d) driving trucks on routes within California during the Class Period at any time during the period from April 9, 2006 to the date of preliminary approval (Class Members). This includes drivers based in Reno, Nevada and Phoenix, Arizona who drive routes in California.

3. The Court hereby finds that the Notice of Class Action Settlement and Fairness Hearing, as mailed to all Class Members as previously ordered by the Court, fairly and adequately described the terms of the proposed Settlement Agreement, the manner in which Class Members could object to or participate in the settlement, and the manner in which Class Members could opt out of the Class; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with FRCP Rule 23(e)(1)(B), due process, and all other

applicable laws. The court further finds that a full and fair opportunity has been afforded to Class Members to participate in the proceedings convened to determine whether the proposed Settlement Agreement should be given final approval. The Court has also been advised that Defendant has given all of the notices required by the Class Action Fairness Act, 28 U.S.C. §1715. Accordingly, the Court hereby determines that all Class Members, who did not file a timely and proper request to be excluded from the settlement are bound by this final Order and shall be deemed to have released any Released Claims as defined in the Settlement Agreement.[1]

  4. The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to the Class, Plaintiffs and Defendant, and is the product of good faith, arm's-length negotiations between the parties, and further, that the Settlement Agreement is consistent with public policy, and fully complies with all applicable provisions of law. Accordingly, the Court hereby finally and unconditionally approves the Settlement Agreement pursuant to FRCP 23(e)(1), and specifically:

  a. Approves the Gross Settlement Amount of Three Million Dollars ($3,000,000);

  b. Approves the distribution of the Net Settlement Amount to members of the Class in the manner specified in the Settlement Agreement;

  c. Approves that $50,000 of the Settlement Fund be set aside as a Reserve Fund to address any legitimate disputes about the proper amount of payments to Class Members who were not initially located or who do not receive and/or cash their settlement checks, and that any amounts remaining in the Reserve Fund, together with the amounts of any uncashed checks, after the expiration date of checks mailed to Class Members, will be distributed to California Emergency Foodlink or another qualified 501(c)(3) charity (*cy pres* recipient(s)) designated by Defendant, subject to approval by the Court pending receipt of a supplemental declaration by counsel;

  d. Approves that $10,000 of the Settlement Fund be designated to resolve PAGA claims, and that under Labor Code section 2699(i), 75 percent, or $7,500 of that amount will be paid to the California Labor and Workforce Development Agency;

---

[1] The only class member who has requested exclusion from the settlement, and who is hereby excluded, is Eduardo Enriquez.

e. Approves the application for Enhancement Awards of $10,000 each to Plaintiffs/Class Representatives Loretta Downs, D'Andre Parker, and Kirk Ramirez, and of $2,500 each to Plaintiffs/Class Representatives Raul Roman and Jason Wolterding;

f. Approves Class Counsels' requested fees award of $900,000 (thirty percent (30%) of the Gross Settlement Amount);

g. Approves Class Counsels' request for reimbursement of litigation expenses of $15,000;

h. Approves payment to Rust Consulting, Inc., the Settlement Administrator, of $28,100; and

i. Approves and orders that in all other particulars the Settlement Agreement be carried out by the Parties and the Settlement Administrator.

5. The Court orders that, following the Effective Date as defined in the Settlement Agreement and the Preliminary Approval Order, the Parties and the Settlement Administrator shall carry out the following implementation schedule for further actions and proceedings:

| | |
|---|---|
| Within 30 days after the Effective Date | Defendant to transfer Gross Settlement Amount to the Settlement Administrator |
| Within 10 days after the Defendant's payment following the Effective Date: | Settlement Administrator to pay from the Gross Settlement Amount:<br>1) Attorneys' fees as specified above to Class Counsel;<br>2) Litigation expenses as specified above to Class Counsel;<br>3) Enhancement Awards as specified above to the Plaintiffs/Class representatives; and<br>4) Settlement Administration costs of $28,100 to Rust Consulting, Inc. |
| Within 45 days after the Effective Date | The Settlement Administrator shall distribute Individual Settlement Payments to all participating Settlement Class Members, by checks sent via first class US mail, and $7,500 to the Labor Workforce Development Agency. |
| After the date on which Individual Settlement Payment checks expire and can no longer be | The Settlement Administrator shall distribute any remaining funds from the Gross Settlement |

| cashed, and as soon as the Settlement Administrator can determine the amount remaining in the Reserve Fund and the amount of uncashed Individual Settlement Payment checks | Amount to the designated *cy pres* recipient subject to approval by the Court. |
|---|---|

6. This action is hereby dismissed with prejudice; provided, however, that without affecting the finality of this Order, the Court retains exclusive and continuing jurisdiction over the case for purposes of supervising, implementing, interpreting and enforcing this Order and the Settlement Agreement, as may become necessary, until all of the terms of the Settlement Agreement have been fully carried out. Plaintiffs' counsel shall notify the Court when this has occurred.

Dated: 9/4/12

_____
UNITED STATES DISTRICT JUDGE



IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen